## JEREMIAH TOWNSHEND and others, *vs.* WILLIAM TOWNSHEND and others.

The fact that a witness is surety on a bond of one of the caveators to a will due to the administrator *pendente lite*, who was one of the caveatees, does not render him incompetent to testify for the caveators in the trial of the issues testing the validity of the will.

That the principal in the bond was one of the heirs and distributees in case the will should be vacated, and his ability to pay the bond on which the witness was surety would thereby be increased and the chances of loss to the latter lessened, is an interest too remote and contingent to disqualify the witness.

Where testimony, which standing *alone* might be irrelevant or legally insufficient, is, in connection with other testimony relevant, or applicable, or rebutting, the court cannot withhold it from the jury.

The objection that testimony proposed to be offered is *false*, goes to the *credibility of the witness* and not to the *legality of the evidence*, and is therefore a question for the jury and not the court.

APPEAL from the Circuit Court of Anne Arundel county.

In this case issues to test the validity of the will of John Townshend were originally sent from the orphans court to the county court of Prince Georges county for trial, and thence removed to Anne Arundel county. This is the *third* appeal in the case; the *first* is reported in 7 *Gill*, 10, and the *second* in 9 *Gill*, 506. At the trial under the last *procedendo* two exceptions were taken by the caveatees, which are the only ones presented on this appeal.

*1st Exception.* The caveators, to support the issues on their part, offered to examine Thomas W. Robinson as a witness, who being objected to as interested in the event of the suit, and examined by the caveatees on his *voir dire* as to his alleged interest, stated that he was surety for George Townshend, one of the caveators, on a bond for fifty or sixty dollars, given by said George, and witness as his surety, to Jeremiah Townshend, as administrator *pendente lite* of John Townshend, and since he became such administrator, the said Jeremiah being one of the caveatees and also the administrator of William Townshend, who was one of the caveators, but is since deceased; the witness also stated that he had forgotten the fact of the existence of the bond at the time of the former trial, and being afterwards reminded thereof he spoke, about six months ago, to said George Townshend on the subject, who promised he would settle the claim, and witness understood the claim was settled or paid; and that he applied on the day of his examination for some evidence of his being discharged, and that thereupon said Jeremiah Townshend executed to him the following release under the hand and seal of the said Jeremiah, the execution and delivery of which the caveatees admitted.

"For value received, I hereby release Thomas W. Robinson, and discharge him from all obligation, as surety upon the bond of George S. Townshend, to me, as administrator of John Townshend."

The witness further stated, that he did not pay the bond, and has no knowledge of its settlement or payment, except

Townshend vs. Townshend.

that he has understood that it was settled and the fact that he has received said release. He further stated that he does not consider himself as at all interested in the case, or as liable in any way as surety for said debt. The caveatees thereupon objected to his competency, but the court, (BREWER, J.,) was of opinion, and so decided, that the witness was competent, and directed him to be sworn in chief, and he was so sworn and examined as a witness for the caveators. To this opinion of the court, and the overruling of their said objection, and to the swearing in chief of the witness, and his examination as aforesaid, the caveatees excepted.

*2nd Exception.* Evidence was then offered by various witnesses on both sides to the same effect, as stated in the report of the case in 9 *Gill*, 506. Among other evidence on the part of the caveatees to show that said John Townshend would both buy and dispose of negroes, were three deeds or bills of sale, the first dated the 7th of November 1803, from one Benjamin Burch, conveying several negroes to said Townshend; the second dated the 29th of December 1813, by which he, the said John Townshend, conveyed several negroes to William Townshend, and the third dated the 13th of May 1824, by which he also conveyed several negroes to George S. Townshend. The caveators then produced said Robinson as a witness, and proved by him that he knows the whole family of the slaves which belonged to and resided with the said John Townshend, and has so known them during the last twenty-eight or twenty-nine years. The counsel for the caveators then proposed to prove by this witness, that the several slaves named in the above deeds were not, nor was any one of them, at any time, one of the family of slaves of said John Townshend, and that no one of them ever resided with him at any time as one of his slaves. The caveatees then required the said counsel to state the purpose for which said evidence so offered was intended, who replied, that it was offered as evidence which they deem material and pertinent upon the first issue, as rebutting evidence, and as showing that no one of the negroes mentioned

38      v.6

in said deeds was at any time of the family of slaves owned by said John Townshend at the time of making the declarations, proved by several witnesses, that he had been commanded by Almighty God to set his negroes free and to give them his property. To which evidence so offered for the purpose above stated the caveatees objected, and insisted on their objection to the question aforesaid. The court overruled the objection, and permitted said question to be put to and answered by the witness. To which ruling of the court, and to the refusal to exclude said evidence for the purpose for which it was offered, the caveatees excepted, and the verdict being against them upon the first issue, appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*Daniel C. Digges* and *Thos. S. Alexander* for the appellants.

1st. The witness was clearly incompetent; he was surety for George S. Townshend, one of the caveators upon a bond *due to the estate.* If the will is sustained, he or his surety must pay the debt for the benefit of the negroes, who are the caveatees, but if the will is upset, this debt will be set off against his share of the estate; or, in other words, the estate will be made the fund out of which the debt is to be paid. The question then is, has the witness been properly released? We say that Jeremiah Townshend, the administrator *pendente lite,* could not release the witness from his liability to the estate of John Townshend; that he is the mere curator of the estate, and his powers are limited to its *preservation,* and when the contest is ended he must deliver over *every thing* to the full administrator. *Act of* 1810, *ch.* 34, *sec.* 6. 4 *Bac. Abr.,* 69, *title, Executor, letter G.* 1 *Wms. on Exc'rs,* 263, 339. 1 *Lomax,* 165, *sec.* 4. 1 *Hagg.,* 313, *Ex-parte Graves.* 4 *Verm.,* 523, *Walker vs. Ferrin.* 2 *Watts,* 332, *Dietrich's Appeal.* 4 *Do.,* 34, *Ellmaker's estate.* 3 *Eng. C. L. Rep.,* 235, *Fraser vs. Marsh.* 2 *Viner's Abr.,* 102, *title, Executor, letter M, sec.* 3. 1 *Sch. & Lef.,* 254, *Adair vs. Shaw.* 1 *Ball*

& Beall., 192, *Gallivan vs. Evans.* 3 *Humph.*, 652, *Houston vs. Houston.* 2 *G. & J.*, 79, *Winchester vs. Union Bank.* 7 *Gill*, 81, *Gibbons vs. Riley.* 7 *H. & J.*, 40, *State vs. Craddock.* But further, we say that if he had been full administrator he would have had no power to execute this release.

2nd. The court below erred in admitting the testimony proposed to be offered, because:—1st, it could have no legitimate bearing upon any issue in the case; it was irrelevant. 3 *G. & J.*, 435, *Sothoron vs. Weems.* 1 *Md. Rep.*, 329, *Middlekauff vs. Smith.* 2 *Do.*, 217, *Mutual Ins. Co. vs. Wilson.* It was too light and inconclusive to sustain the writ for which it was offered. 8 *Gill*, 18, *Maslin vs. Thomas.* 2nd, because the testimony was false upon its face and was calculated, by the court's decision admitting it, to mislead the jury. We proved that John Townshend always considered slaves as property; that he bought and sold them as far back as 1803 and 1813, as shown by the deeds. Now this witness says he has known the slaves of Townshend for the *last twenty-eight or twenty-nine years*, and from this knowledge it is proposed to make him say that *no one* of the negroes mentioned in the deeds of 1803 and 1813, (more than *forty* years ago,) *ever* resided with him *at any time* as one of his slaves. Such evidence bears a *falsehood* upon its face: for evidence of a state of things existing within the period of the witness' knowledge is not evidence that they so existed long prior to that time. 1 *Md. Rep.*, 250, *Keedy vs. Newcomer.*

*Thos. F. Bowie* and *Alex. Randall* for the appellees.

1st. We insist that the witness was competent:—1st, because he never had any such interest in the result of the suit as would disqualify him. The test is, has the witness any *direct* legal interest in the result of the suit? 2 *G. & J.*, 132, *Glenn vs. Von Kapff.* 3 *Do.*, 282, *Stimmel vs. Underwood.* *Ibid*, 355, *Watts vs. Garrett.* The mere fact that a witness is on a bond of the plaintiff, cannot disqualify him; the *debt* is not impaired by the rejection or establishment of the will; the event of the suit cannot in any way affect the original *debtor*, and the wit-

ness is but a *surety* for him. Establish the will or not, and it makes no difference to the witness. See also on this point, 1 *Greenlf. on Ev.*, secs. 329, 386, 389, 390, 392. 2nd, because having examined the witness on his *voir dire*, and he having stated that he had no interest in the result of the suit, the appellants are *estopped* by this examination from denying what the witness says, whether it be true or false. 1 *Greenlf. on Ev.*, sec. 423. 1 *H. & J.*, 572, Cole *vs.* Cole. 3rd, because if he ever had any disqualifying interest the release restored his competency. Why should not the administrator *pendente lite* have the power to execute such a release? He is an officer known to the common law. It is true, that the act of 1810, ch. 34, is the first of our acts which mentions him, but in the act of 1798, ch. 101, sub. ch. 3, secs. 14, 19, *administrators ad colligendum* are spoken of, and by the act of 1802, ch. 101, sec. 5, express power is given to them to sue and collect debts, and grant releases. The act of 1810, ch. 34, assumes that the *administrator pendente lite* has the power to *collect* debts, and the power to discharge and give releases is a *necessary* incident to the power to *collect* debts. If he cannot give an *acquittance*, how can he *collect* a debt? The case of *Hanna vs. Placide*, 3 *Md. Rep.*, 230, shows, that the act of 1810, intended to give the *administrator pendente lite*, all the powers of a full administrator, the only limit being *pendente lite; see*, also, 3 *Md. Rep.*, 454, Cain *vs.* Warford. 1 *Wms. on Exc'rs.*, 311, 313. 2 *Peere Wms.*, 576, Walker *vs.* Woollaston. 2 *G. & J.*, 97, Allender *vs.* Riston.

2nd. The evidence was admissible as *rebutting* evidence, we had proved that Townshend frequently declared, that he was commanded by Almighty God, to free his negroes and to give them his property, and if he failed to do this, would incur everlasting damnation. It was relevant therefore to show, that the negroes, which he had conveyed away by the deeds, were not *his* negroes, not a part of *his family* of slaves, that none of them ever resided with him, as *rebutting* evidence to the inference sought to be deduced on the other side, from the fact of his having sold and conveyed negroes. 1 *Md. Rep.*, 14, *Milburn vs. The State.* Its weight, as rebutting testimony,

Townshend vs. Townshend.

was for the jury, and the court could not reject it if it was entitled to any consideration. 3 *H. & J.*, 178, *Ringgold vs. Tyson*. 7 *H. & J.*, 97, *Davis vs. Davis*. 4 *H. & J.*, 507, *Burt vs. Gwinn*. 7 *G. & J.*, 27, *Cole vs. Hebb*. 10 *Do.*, 62, *Lamar vs Manro*. Nor was the testimony false or *inconsistent*, as argued on the other side. The witness had known these negroes for thirty years, *which were* on the farm, and of the family of John Townshend, and of these, he says, the negroes conveyed by the deeds constituted no part. This was matter clearly within his knowledge, as the last deed bears date in 1824, and is but a conveyance of the same negroes and their increase, which are comprised in the previous deeds of 1803 and 1813.

MASON, J., delivered the opinion of this court.

We have nothing to do with the general merits of this controversy. We are confined, by the record, to the consideration of but two isolated questions, presented by the only two exceptions in the case.

The competency of Robinson as a legal witness in this cause, is the question raised on the first exception. This witness is objected to upon the ground of interest. The appellees insist upon his competency, upon three several grounds, any one of which, if tenable, would constitute the party a legal witness. It is insisted, in the first place, that the alleged interest of the witness is not of such a character as to disqualify him; secondly, that having sworn the witness upon his *voir dire*, the appellants are concluded by his disclaimer of all interest in the suit; and thirdly, that whatever interest the witness may have had in the result of the suit, has been fully discharged by the release executed to him by the administrator.

Without expressing any opinion upon the last two positions, we think the first was well taken. We cannot discover that this witness had any interest in the result of this suit sufficient to incapacitate him to give evidence. Whatever may be the ultimate result of the proceedings upon the several issues involved in this case, the liability of the witness could not thereby be materially diminished or enlarged. The interest is

supposed to arise in this way: if the will should be vacated, George Townshend, the principal in the note, as one of the heirs and distributees of John Townshend, the testator, would thereby have his estate enhanced, and thus increase his ability to pay the debt for which the witness was surety, and lessening, in the same proportion, the chances of loss to the latter. Such an interest, upon general principles, is too remote and contingent to disqualify a witness. To have such an effect, the interest should be direct and positive.

The competency of the witness being recognised, we are next to consider whether his testimony, when given, was legal and competent, which is the question raised by the second exception.

The appellants objected to the admissibility of this testimony; first, because it could have no legitimate bearing upon the issues in the case; and secondly, because it was on its face, false, and calculated to mislead the jury.

If this case rested *alone* upon the testimony of this witness, its admissibility might well be questioned on the ground of irrelevancy or of its legal insufficiency to establish the issues. But such is not the fact. The testimony was rebutting evidence, and besides, constituted but one of many items of the caveators' proof. We are not prepared to say, that there is no relevancy or applicability of this testimony to the issues in the cause, when taken in connection with the other proof offered, and we therefore would not feel authorised to withhold it from the jury.

The second objection to the admissibility of this testimony, is equally untenable. This objection goes to the *credibility of the witness*, and not to the *legality of the evidence*, and is therefore a question for the jury and not the court.

*Judgment affirmed.*