## HURLBURT *v.* VAN WORMER.

*(Circuit Court, N. D. New York. January 5, 1883.)*

1. LETTERS TESTAMENTARY—CONCLUSIVE EVIDENCE UNTIL REVOKED.

    By section 2591 of the New York Code of Civil Procedure, letters testamentary are declared conclusive evidence of the authority of the persons to whom they are granted, until revoked or the decree granting them is reversed upon appeal.

2. SAME—JURISDICTION—RECITALS OF FACTS NECESSARY TO CONFER.

    The recitals of the jurisdictional facts necessary to confer jurisdiction, in the decrees of courts of exclusive though limited jurisdiction, are *prima facie* evidence of the facts recited. On this principle it has been repeatedly declared that the granting of letters testamentary is in general *prima facie* evidence of the death of the testator.

In Equity.

*Neri Pine,* for complainant.

*M. F. Brown,* for respondent.

WALLACE, C. J. The only ground upon which a decree for the complainant is opposed is that the complainant has failed to establish affirmatively the death of Rockwell, the testator of the complainant's assignor, the complainant having acquired title to the letters patent in suit by assignment from one Arnold. Letters testamentary were granted to Arnold by the surrogate of Broome county, in this state, reciting the death of Rockwell; that he was an inhabitant of Broome county at or immediately previous to his death; and that his will was duly admitted to probate by said surrogate. Such letters, by the Code of Civil Procedure of this state, § 2591, are conclusive evidence of the authority of the persons to whom they are granted until the letters are revoked, or the decree granting them is reversed upon appeal.

Irrespective of this statute, the recitals of the jurisdictional facts necessary to confer jurisdiction, in the decrees and judgments of courts of exclusive though of limited jurisdiction, are *prima facie* evi-

dence of the facts recited. Upon this principle, it has been repeatedly declared that the grant of letters testamentary is in general *prima facie* evidence of the death of the testator or intestate. *Comstock* v. *Crawford*, 3 Wall. 396; *Belden* v. *Meeker*, 47 N. Y. 307; *Welch* v. *N. Y. C. R. Co.* 53 N. Y. 610; *Thompson* v. *Donaldson*, 3 Esp. 63; *Jeffers* v. *Radcliff*, 10 N. H. 242. The facts elicited by the proof relative to Rockwell's disappearance are not sufficient to countervail the presumption thus established.

A decree pursuant to the prayer of the bill is directed.