## THE MERCANTILE TRUST AND DEPOSIT CO. *vs.* EDITH M. WELD ET AL.

*Following Trust Funds.*

Appeal from a decree of the Circuit Court of Baltimore City.   *Affirmed.*

By the last will and testament of Mrs. Harriet Emily Weld, of Baltimore City, dated on the fifth of January, 1892, she gave and bequeathed all of her property, except two thousand dollars to the Protestant Episcopal Bishop of Maryland, to her husband, Henry Thomas Weld, during his life, and at his death, to Edith M. Weld, $5,000 ; to Louisa M. Steuart, $5,000.   All the rest and residue of the estate was given to Dora Hoffman and others.   She constituted and appointed her husband executor of the will. On the 17th of October, 1892, Henry T. Weld, as executor, returned to the Orphans' Court of Baltimore City an inventory of his wife's estate and charged himself with property amounting to $32,840, as follows :   100 shares of the Nat. Bank of Cumberland, Md., $10,000 ; 62 shares of the stock of the Union Mining Co., $7,500 ; 2 shares of the stock of the B. & O. R. R. Co. (120) $240 ; 200 shares of the stock (preferred) of the Keystone Coal Company, $10,000 ; Consolidated Coal Company stock, 30 shares, $900 ; Chesapeake and Ohio bonds, $1,200 ; cash in bank, $3,000.   In an account passed by him on the 2nd of May, 1893, he transferred to himself as life-tenant these same

securities. At the date of his death in July, 1893, however, all of the securities which he had returned as his wife's property stood in his own name, except 62 shares of the Union Mining Company stock, and this was in the name of Henry T. Weld, trustee. It is admitted that Henry T. Weld was insolvent at the time of his death, although he left a will purporting to dispose of a large estate. The sole question for determination upon this appeal was whether the securities now in controversy belong to the estate of Mrs. Weld, or to the estate of her husband.

" The principle upon which trust funds may be traced," said the Court, " when attempted to be misapplied or where they have been converted into other property, or become mixed with other funds, belonging to the trustee or fiduciary, as was held by this Court in *Englar* v. *Offutt*, trustee, 70 Md. 85, is a very plain one and all the difficulty that is found to exist, is in matters of fact and in identifying the fund. So long as a trust fund can be traced the Court will always attribute the ownership thereof to the *cestui que* trust, and will not allow the right to be defeated by the wrongful act of the trustee in mixing or confusing the trust funds with funds of his own. We have no difficulty under the facts of this case, in tracing these securities, as the property of the estate of Mrs. Weld. It appears from the record, that they were returned to the Orphans' Court of Baltimore on the 17th of October, 1892, in an inventory of her estate by the executor, under oath. And on the 2nd of May, 1893, he passed an account, wherein he charged himself with this property, as included in the inventory, and distributed the same property to himself as life-tenant under the will. Here then is a plain and clear declaration of trust, which fully establishes the identity of the property, and under all the authorities entitles the representatives or legatees under Mrs. Weld's will, to assert a claim thereto. And this is so, independent of the fact that these securities stood in the name of her husband, at the time of his death, and of the further fact, of his insolvency. "As between *cestui que* trust and trustee and all parties claiming under the trustee,

otherwise than by purchase for valuable consideration without notice, all property belonging to a trust, however much it may be changed or altered in its nature or character and all the fruit of such property—whether in its original or in its altered state, continues to be subject to or affected by the trust." *National Bank* v. *Ins. Co.*, 104 U. S.; *In re Hallett's Estate*, 13 Ch. Div. 696.

Opinion by BRISCOE, J., filed January 5th, 1897.

*W. George Weld*, for the appellant. *Arthur George Brown* and *Arthur Steuart*, for the appellees.

No. 61, October term, 1896. Recorded in Liber J. S. F., No. 2, etc., folio 818 of "Opinions unreported."