JOHN L. G. LEE, Trustee, *vs.* E. M. ALLEN, Administrator.

*Executors and Administrators—Letters of Administration Granted in Contravention of the Statute on Estate of an Absentee Presumed to be Dead—Revocation of Letters—Appeal.*

The Orphans' Court has no power to grant letters of administration on the estate of a person supposed to be dead, because he has been absent and unheard of for upwards of seven years, unless notice by advertisement and the other formalities prescribed by Code, Art. 93, sec. 230, have been complied with.

A sum of money in the hands of a trustee in an equity cause was awarded to a former resident of this State who had been absent and unheard of for more than seven years. Next of kin of the absentee obtained from the Orphans' Court letters of administration upon his estate alleging the presumption of his death, but these letters were not issued after notice by advertisement and in the manner prescribed by Code, Art. 93, sec. 230. *Held*, that the trustee in the equity cause, from whom the administrator would demand the property of the absentee, has the right to petition the Orphans' Court to revoke the letters of administration thus improvidently granted and to appeal from its order refusing to revoke them.

Appeal from the Orphans' Court of Harford County.

The cause was argued before McSHERRY, C. J., FOWLER, BOYD, PEARCE and SCHMUCKER, JJ.

*John L. G. Lee*, for the appellant.

*J. J. Archer* (with whom was *E. M. Allen* on the brief), for the appellee.

BOYD, J., delivered the opinion of the Court.

This is an appeal from an order passed by the Orphans' Court of Harford County, refusing to revoke the letters of administration granted the appellee on the estate of John M. Dinan, and dismissing the petition of the appellant. A motion to dismiss the appeal was made by the appellee, but we deem it best to first consider the main question in the case.

1. On February 1st, 1904, Stella C. Shure and Mollie G. Dinan filed, in the above mentioned Court, a petition for the appointment of an administrator of the estate of John M. Dinan. In it they alleged; 1st, that they are the sisters and only heirs of John M. Dinan; 2nd, that said Dinan "left Harford County more than seven years ago, since which time they have no knowledge or information whether he is dead or alive;" 3rd, that in an equity case in the Circuit Court for Harford County there was awarded to said John M. Dinan $103.33, which sum remains in the hands of John L. G. Lee, trustee in said case, and it may be that other property to which the said

Dinan is entitled may be discovered. "To the end, therefore; that the property of the said Dinan may be collected and distributed according to law, to his heirs," they pray that letters of administration be granted to the appellee. That was done on February 18th, 1904, and he qualified the same day. On March 5th, 1904, the petition of the appellant above referred to was filed and it was dismissed by the Court below on May 2nd.

That the letters of administration were improvidently granted will be manifest by reference to the Act of 1896, ch. 246, being sec. 230 of Art. 93 of the Code of Public General Laws. By that section the Orphans' Court is authorized to take probate of wills, grant letters testamentary and of administration, and do other acts "relative to the affairs of deceased persons; and also of persons who by their uninterrupted absence, unheard of for above seven years, are supposed to be dead,"—provided that when any will or codicil is presented for probate, or application is made for letters testamentary, or of administration upon the estate of a person so absent and unheard of for above seven years, the person presenting such will or making application for letters shall file a written petition, under oath, setting forth,

(*a*) "The time when and place where absentee was last heard of by his family or friends;"

(*b*) "That diligent inquiry has been made among the family, relatives and friends of such absentee;"

(*c*) "And that advertisement and inquiry by letters or otherwise have been made, at the most likely place of his last residence, and that no information, by any of these means, has been obtained of such absentee since the date set forth in the petition, which must be above seven years prior to the date of the petition;"

(*d*) "And that the applicant verily believes such absentee to be dead."

The letters in brackets are not in the statute, but we have thus separated its provisions so it can be more easily seen how far short of them the petition of the applicants has fallen. The

statute then provides that the Court shall order notice by publication, to be given in one or more newspapers stating (if such be the object, as it was in this case) that application had been made for letters of administration upon the estate of such absentee, and warning him to appear on or before the day fixed in such order and show cause why letters be not granted. It then provides that such notice shall be published as the Court may direct, not less, however, than once a week for four successive weeks, fifteen days before the time fixed by such order for the appearance of the absentee, "and if no appearance be made, the Court may, if it see fit, summon before it and examine, under oath, any relations or friends of such absentee respecting his absence, and if no information or evidence shall be obtained indicating the probable existence of such absentee, the Court may judicially determine such absentee to be dead," and may proceed to grant the letters, etc. The section concludes by saying that "such probate and such letters, either testamentary or of administration, when granted, shall have the same force and effect as if granted upon the estate of a person proven by direct testimony to be dead."

The Legislature has by this statute materially changed the law as it formerly was in this State, as announced in *Schaub* v. *Griffin*, 84 Md. 557, and other cases. Although the case of *Schaub* v. *Griffin* was not decided until January, 1897, the bill was filed in 1895 and the Act of 1896 did not apply. As what was alleged in the petition as a ground for letters of administration to the appellee as stated above, it is only necessary to compare it with the provisions of the statute to see that it is not in compliance with it. But there was a more serious defect in the proceedings and one that is unquestionably fatal. It does not appear from the record whether any notice was given, but it is affirmatively shown that the notice then required was not given, as the letters were granted seventeen days after the application for them, while the statute requires publication of the notice not less than once a week for four successive weeks fifteen days before the day fixed by order of the Court for the appearance of the absentee. It

may sometimes cause much confusion and work a great
hardship on an absentee to "judicially determine" him to be
dead, when in fact he is alive, even when it is done in accord-
ance with the statute, and when the requirements of the statute
have been so utterly ignored as was done in this case the Or-
phans' Court has no power to grant letters of administation.
Apparently the Act of 1896 was overlooked, but the letters
of administration should have been revoked when the Court's
attention was called to it.

2. It only remains to determine whether the appellant had
the right to demand the revocation of the letters and prose-
cute this appeal.    It is contended by the appellee that he is
simply a custodian of the fund and hence he has no interest
in the subject-matter of the appeal, but we cannot agree with
that contention.   If John M. Dinan is in fact still living, Mr. Lee
owes him the amount in his hands distributed to him, and no
one but Dinan or some one lawfully claiming through him
could discharge him from the debt.  If he is dead, or had
been properly determined to be dead, under the provisions of
this statute, then his administrator duly appointed could de-
mand the money and on his refusal to pay it could sue the
trustee or his bond for it.   The general rule is that in a suit
instituted by an administrator it is not competent for a Court
of law to go into an inquiry whether administration has been
rightfully granted or not.   In *Raborg* v. *Hammond,* 2 H. &
G. 42, the Court said, "It cannot be denied that if Andrew
Hammond resided and died, as is alleged, in Anne Arundel
County, the Orphans' Court of Baltimore County had no au-
thority to grant on his estate letters of administration to the
appellant," but held that the Court could not go into the in-
quiry whether the administration was properly granted.   In
*Wilson* v. *Ireland,* 4 Md. 448, it was said, "that in all cases in
which letters have been granted improperly, application for
their revocation ought to be made to the tribunal granting
them, or an appeal prosecuted for a revision of its order in the
premises," and that the decision in *Raborg* v. *Hammond* "is
fortified by reason, which, in our judgment, renders it impreg-

nable." In *Fishwick* v. *Sewell*, 4 H. & J. 393, it was held that evidence is not admissible in another Court to show that letters of administration had illegally issued, and that until revoked they are conclusive. That has also been determined in *Edelen* v. *Edelen*, 6 Md. 295; *Donahue* v. *Daniel*, 58 Md. 601, and other cases.

Such being the usual effect of granting letters of administration, it would seem to follow that one who might be compelled to pay money in his hands to an administrator so long as the letters remain unrevoked, should have the power to apply to the Orphans' Court granting them to revoke letters improvidently granted—especially when they were taken out for the avowed pupose of collecting that money, as the application for these letters shows. We do not deem it necessary to determine whether under the peculiar circumstance of this case Mr. Lee could have questioned the validity of the appointment of the appellee if he had been sued for the money in his hands before he knew of his appointment, or had an opportunity to investigate the circumstances under which it was made. Inasmuch as the proceedings show that it was not known whether or not John M. Dinan was in fact dead, but letters were granted by reason alone of the presumption formerly arising on account of the continued absence for seven years or more of a former resident, under such circumstances as the law then required to be shown, and inasmuch as the statute referred to has radically changed the law and now requires acts to be done before letters can be granted, which were utterly ignored as shown by the records of the Orphans' Court, we do not want to be understood as determining that the general rule above referred to must necessarily be applied to such a case, but leave that for determination if it becomes necessary to pass upon that question. But as it was brought to the attention of Mr. Lee, and especially as the proceedings in the Orphans' Court showed that the primary object of obtaining the letters was to vest in the administrator title to the money in his (Lee's) hands, it seems clear to us that he not only had the right, but it was his duty (certainly to the sure-

ties on his bond, as trustee, which he presumably gave) to ask for the revocation of the letters. The law does not encourage useless litigation and it should not subject trustees and their sureties, or others, to suits or demands by those who have not been legally authorized to prosecute them. We are therefore of the opinion that the appellant had the right to ask for the revocation of these letters, and consequently was entitled to appeal from the order passed refusing to do so, under sec. 58 of Art. 5 of the Code.

We will overrule the motion to dismiss the appeal and reverse the order appealed from.

> *Motion to dismiss the appeal overruled, and order reversed, the costs to be paid by the appellee.*

(Decided November 16th, 1904.