## THE SAVINGS BANK OF BALTIMORE *vs.* HENRY W. WEEKS.

*Validity of Statute Providing for Administration Upon Estates of Absentees—Due Process of Law—Retroactive Effect of Statute—Provision for Restitution of Property to Supposed Decedent—Jurisdiction of Orphans' Court— Distribution of Property of Person Dying Intestate and Without Heirs—Grant of Letters to Agent of Municipality.*

The Act of 1908, Chap. 125, authorizes the Orphans' Court to grant letters testamentary or of administration upon estates of persons supposed to be dead, because absent from their last domicil in this State for more than seven years and unheard of during that time. The Act provides that advertisement shall be made of the application for letters and of a subsequent notice warning the supposed decedent or others thereof. The Court is authorized to grant letters of administration to the person who would be entitled to the same if the absentee were really dead, but such letters are subject to revocation. Before any distribution of the estate shall be made, the persons receiving the same must give bond with satisfactory surety conditioned for the restitution of the property if the supposed decedent be in fact alive. *Held,* that this statute is valid, and does not deprive the absentee of his property without due process of law, since his rights as owner are sufficiently safeguarded.

*Held,* further, this special power to grant letters upon the estates of absentees may be conferred upon the Orphans' Court under Constitution, Art. 4, sec. 40, which provides that the Orphans' Courts shall have all the powers now vested in those Courts subject to such changes as the Legislature may prescribe.

The Act of 1908, Chap. 125, providing for administration upon the estates of absentees supposed to be dead, because unheard

of for seven years, is not merely prospective in its operation, but applies to the estate of a person whose period of absence began to run before the passage of the Act.

Money deposited in a savings bank by a person who afterwards was absent from the State and unheard of for more than seven years, is subject to the claim of an administrator appointed under the Act of 1908, Chap. 125, to administer upon the estate of such supposed decedent. The contract between the absentee and the bank, made prior to the passage of the Act, is not thereby impaired, within the meaning of the constitutional provision relating to the impairment of the obligation of contracts.

The Act of 1908, Chap. 125, provides that letters may be granted upon the estate of an absentee if the person applying for them would be entitled to administer if the absentee was found to be dead. *Held*, that a petition by a person alleging that money deposited in a bank by a person absent and unheard for the prescribed time now belongs to the municipality for the use of public schools, and that no heirs or next of kin of the absentee could be found after diligent inquiry is sufficient to authorize the grant of letters to the applicant, if the Orphans' Court is satisfied that, under the law, he is entitled thereto. The petition need not expressly allege that there are no relatives or creditors of the absentee.

Code, Art. 93, sec. 134, provides that if there be no widow or relatives of the intestate within the fifth degree, the surplus of his property shall belong to the State, and shall be paid to the Board of County School Commissioners of the county wherein letters of administration shall be granted, for the use of public schools of said county. Under the Charter of Baltimore City, the School Board is a department of the municipality. *Held*, that an agent of the municipality is entitled to apply for administration of the estate of a person so dying intestate, and without relatives, or presumed so dead, because absent, under Act of 1908, Chap. 125, when the applicant states that the money to be collected is for the use of the School Board.

*Decided January 27th, 1909.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before Boyd, C. J., Pearce, Schmucker, Burke, Worthington and Henry, JJ.

*James McEvoy, Jr.* (with whom was *George R. Willis* on the brief), for the appellant.

-Although the Orphans' Court is supposed to be "satisfied" that the person applying for letters is entitled to the same, it is perfectly clear that the discretion of the Court on this point is limited by the provisions of the Code as to who is entitled to administer upon an intestate's estate. (See secs. 18 to 31 · inclusive of Art. 93 of the Code of 1904.)

The Act does not confer any discretion upon the Orphans' Court and neither could it be fairly inferred that the discretion vested in the Orphans' Courts of the State by sec. 31, can be invoked, as the authority vested in the Orphans' Court over the estates of absentees must be measured, and is fixed by the terms of the Act conferring such power and therefore, to permit them to appoint someone who is neither a relative nor creditor of the alleged absentee would in the language of this Court, be "enlarging that discretion beyond the limits fixed by the law conferring it" (*Cook* v. *Cook,* 19 Md. 5), and would also be in conflict with the provisions of section 260 of Article 93.

Therefore, unless it can be shown that the appellee is one of the class of persons who would be entitled to letters of administration upon the estate of Margaretta Behrens were she in fact dead, the issuance of such letters to him was inprovident and they should be revoked.

It would seem to be elementary that a person applying for letters of administration should state in his application his qualification or relation to the intestate and the reason why such letters should be granted to him, and any petition not showing fully these facts would be fatally defective. (*Dalrymple* v. *Gamble,* 66 Md. 298.)

The appellant does not allege that he is either a relative or

creditor, but merely that he filed the petition on behalf of the Mayor and City Council of Baltimore, who is entitled to the deposit in the appellant's bank, for the use of the Board of School Commissioners of Baltimore City.

Conceding that the appellee represents the Mayor and City Council of Baltimore it is next to be considered how "under the Laws of the State of Maryland" that corporation is entitled to have letters of administration granted upon the estate of this alleged absentee to its representative.

The "Laws of the State of Maryland" referred to by the appellee consist of section 134 of Article 93 of the Code of 1904, which is as follows: "If there be no widow or relatives of the intestate within the fifth degree, which shall be reckoned by counting down from the common ancestry to the more remote, the whole surplus shall belong to the State, and shall be paid to the Board of County School Commissioners of the County wherein letters of administration shall be granted upon the estate of the deceased, for the use of the public schools of said County."

And section 808 of the Charter of the City of Baltimore as granted by the Legislature at its January Session of 1898. "The Orphans' Court of said City shall order and direct the funds arising from intestates' estates that may be administered upon in said Court, and which remain undistributed for want of legal representatives of the intestate to claim the same, to be paid to the Board of School Commissioners."

The inadequacy of these "laws" to maintain the appellee's position is apparent upon their face. In the first place, the unclaimed portion of an intestate's estate "belongs to the State," and has been directed by it to be paid over to the Board of School Commissioners, and payments could not be made to anyone else, and neither can it be demanded by anyone else, and although the "Board of School Commissioners" is declared in the City Charter to be a department of the Mayor and City Council of Baltimore (see sec. 99 of Charter), it is nevertheless a separate body, and if any doubt could exist as to its right to the exclusive possession of such "un-

.claimed portion of a decedent's estate" the provisions of the Charter are conclusive; so that, giving the Act all the force and effect that is possible, it would seem to be clear that the only person entitled to file a petition for letters of administration upon an absentee's estate is the State itself, who is certainly the only one, except a relative or creditor, who could do so; and even if it should be held that the State is not obliged to apply for letters of administration in such a case, certainly no one else can do so except the Board of School Commissioners, as no other person has or can have any interest in the premises, and therefore, as the Act clearly contemplates that the person applying for letters must either be a creditor, relative or the Board of School Commissioners, if not the State itself, and as the petition in this case was filed by a person neither a relative or a creditor or representing either the State or the Board of School Commissioners, he should be considered as merely a volunteer, and his petition dismissed.

It is also contended that a petition filed for the avowed purpose of the one under review, should distinctly allege that the absentee has neither heirs or creditors, and that the mere assertion that "diligent effort has also been made to locate the heirs at law and next of kin," is insufficient to warrant the Orphans' Court in assuming jurisdiction.

That the Legislature has the authority and power to enact reasonable laws regarding the conservation and distribution of property belonging to a person who has absented himself from the State for such a period of time as to warrant the assumption of his death is, as has already been said, conceded; but such laws cannot retroact and operate to divest a person of his property, even temporarily, and every Act or Statute of the State is to be construed as prospective in its operation, unless the intention of the Legislature that it shall be retroactive is clearly expressed in the statute. *Williar* v. *Loan Asso.,* 45 Md. 546; *Baugher* v. *Nelson,* 9 Gill, 213; *State* v. *Norwood,* 12 Md. 206; *Clark* v. *Baltimore,* 29 Md. 283;

*Davis* v. *Clabaugh,* 30 Md. 508; *Herbert* v. *Gray,* 38 Md. 529.

The Act under review clearly does not merely provide a new rule of evidence or change an existing remedy, and therefore cannot be considered as coming within the ruling announced in *Southerland* v. *Morris,* 74 Md. 326, or *Miners' Bank* v. *Snyder,* 100 Md. 57, and similar cases, but authorizes the divesting of a person "judicially dead," but who in fact may be alive, of his property and the transferring of it to another.

The jurisdiction of our Orphans' Court is conferred by section 40 of Article 4 of the Maryland Constitution which provides:

"\* \* \* They shall have all the powers now vested in the Orphans' Courts of the State subject to such changes as the Legislature may prescribe."

Upon a careful reading of all the cases in which statutes relating to the distribution of estates of absentees have been considered, it will be seen that from the particular facts of each case no sitution similar to the one presented to this Court has ever arisen, for in all these cases the letters of administration were sought by relatives or creditors of the absentee and were the very persons who were supposed to know most of the whereabouts and movements of such absentees and, therefore, the allegation made by them in their petitions that such absentee had been absent for a period longer than seven years were presumed to be correct, but the danger of relying upon the presumption of a person being dead, because of lengthy absence is clearly seen in the case of *Cunnius* v. *Reading School Dist.,* 198 U. S. 458, where the mother of the administrator had been absent from the State of Penna. for a period considerably longer than seven years.

Certainly the section of the Constitution above quoted, was never intended by virtue of the phrase "subject to such changes" to confer upon the State the right to pass a law such as the one of 1908; and authorize it whenever someone who may purport to act for the School Commissioners of the vari-

ous counties or the Board of School Commissioners of Baltimore City believes that a person who formerly resided in this State but who had been absent therefrom for seven years and has left some property here or a deposit in a savings bank to provide that letters of administration may be granted to him, and thus obtain the entire estate of the absentee. Certainly the Act itself never contemplated that such construction should be placed upon it, for under the statutes above mentioned it is only the surplus of a decedent's estate that belongs to the State and not the entire amount thereof.

It is true that the State or, rather, the Board of School Commissioners of Baltimore City, would only receive a surplus in this case, because the costs of administration, which would amount to a considerable sum, are first to be taken out, but suppose that Mrs. Behrens should return to this State and demand her deposit from the appellant, she would be met with the statement that it was no longer in its possession, but had been administered upon by the appellee, who had received commissions thereon and had paid expensive sums for advertising and other costs incident to the administration of the estate, and paid the balance to the Board of School Commissioners, from whom she must seek the return thereof.

This Board will only pay the amount received by it to her, and because of her alleged absence, made by a person who, from his petition, shows that he does not really know whether she is absent or not, but merely believes because she has disappeared from her last known domicile within this State, and even where that was he does not disclose, except that it was somewhere in the City of Baltimore, she is penalized by having the cost of administration upon her estate charged against her.

It may be that the State might have the right to pass an Act providing that the estates of absentees shall revert to it when it is shown that there are neither creditors nor relatives of such absentees, but it is not believed that the present Act warrants any such proceeding being had as the one before the Court.

The only Federal question presented to the United States Supreme Court in connection with cases similar to the one at bar has been whether or not the particular Act under review was in violation of the 14th Amendment to the Constitution of the United States, and that Court has never been called upon to consider whether such statute might not in fact violate the provision of the Constitution requiring that no State shall pass an Act impairing the obligation of a contract; but it would seem that to give the Act of 1908 the construction which the appellee contends it should have would amount to a violation of this provision, inasmuch as the contract entered into between the alleged absentee and the appellant herein that her deposit should be returned to her by the appellant upon demand, would undoubtedly be violated if the Act should be permitted to have a retroactive aspect, and although a State may have the right to enact a law divesting a right already vested by law in an individual, if the effect of such Act will be to impair the obligation of a contract it will be considered by the Federal Courts. *Satterlee* v. *Matthewson*, 2 Peters, 380.

And although a State may legislate as to contracts thereafter made as it may see fit, it is a universal rule that every contract is made with a view to the laws extant at the place of execution, which become a part of it and by the aid of which it is to be read, and it cannot give an Act a retroactive aspect so as to change the laws extant at the time a contract was entered into. *Miller on Constitution,* page 532.

*Edgar Allan Poe,* for the appellee, submitted the cause on his brief.

HENRY, J., delivered the opinion of the Court.

This interesting and important question involved in this case was under consideration by this Court in an appeal between the same parties at the April Term, 1906, when JUDGE BURKE, speaking for the Court, in an opinion reported in 103 Md., folio 601, under the law as it then existed, held ad-

versely to the claim of the appellee and reversed the judgment of the Court below. Since that time the statute law of the State, as found in sec. 234, Art. 93, Code of Public General Laws, has been changed by Chapter 125 of the Acts of 1908, in order to meet the objections that were set forth in the aforesaid opinion, the said Act being in the same words as a Pennsylvania statute that received the sanction of the Supreme Court of the United States, in the case of *Cunnius v. Reading School District,* 198 U. S. 458.

The Act in question purports to confer upon the Orphans' Courts the power to grant letters testamentary or of administration upon the estates of persons supposed to be dead, on account of uninterrupted absence for above seven years from the place of last domicile within the State and having been for such time unheard of, if satisfied that the person applying therefor would be entitled to such letters if the decedent were dead. The Act provides for the advertising of notice of such application in a newspaper in the county, or Baltimore City, as the case may be, together with a notice that on a certain date the Court will hear evidence concerning the alleged absence of the supposed decedent and the circumstances and duration thereof, and at the hearing, if satisfied from the evidence that the presumption of death is established, the Court shall so adjudge, and forthwith cause notice thereof to be inserted in a newspaper published in the county or city of Baltimore, as the case may be, and also when practicable in a newspaper published at or near the place beyond the State where, when last heard from, the supposed decedent had his residence, requiring the said decedent, if alive, or any person for him, to produce within twelve weeks from the date of the last insertion of the advertisement, satisfactory evidence of his continuance in life. If such satisfactory evidence be not forthcoming within the time prescribed, the Court shall direct letters testamentary, or of administration to issue which shall be as valid as if the supposed decedent were actually dead. The Act further provides for the revocation of such letters at any time on satisfactory proof that the supposed

decedent is in fact alive, and for a settlement of an account of administration. The Act also makes provision for the recovery of his estate by such supposed decedent, and requires that before any distribution of the estate shall be made, the persons entitled thereto shall give bond, with adequate security, to be approved by the Court in such sum and form as it shall direct, conditioned that if the supposed decedent shall in fact be at the time alive, they will respectively on demand refund the amounts received by each with interest thereon. If any such persons are unable to furnish such security, the money shall be safely invested under the direction of the Court, the accruing interest to be paid to the person entitled. There are other provisions in the Act, but the foregoing substantially presents its most important features.

Before passing to a consideration of the objections made to the law, let us briefly state the facts in the case. Margaretta (Margtta) Behrens, having on deposit in the Savings Bank of Baltimore, a sum of money in excess of one thousand dollars, and having been absent from her last known domicile in Baltimore City for more than seven years, Henry W. Weeks, on behalf of the Mayor and City Council of Baltimore, claiming that the money on deposit, under the laws of the State, belonged to the Mayor and City Council for the use of the Board of School Commissioners, on April 28th, 1908, filed a petition in the Orphans' Court of Baltimore City, asking that letters of administration be granted unto him, in pursuance of the provisions of the aforesaid Act of 1908.

Upon this application, on the date aforesaid, the Orphans' Court passed an order to the effect that on June 15, 1908, it would proceed to hear evidence concerning the alleged absence of the said Behrens, provided a copy of the order be published in a daily newspaper published in Baltimore City, as required by the statute.

Afterwards on June 16th, 1908, Nannie L. Arnold, Jennie Shubkegel and Sarah Houston filed a petition in Court, denying that Weeks was entitled to the grant of letters of administration, alleging the death of Margaretta Behrens, claiming

they they themselves were her next of kin, praying that issues be sent to a Court of law to determine who were the next of kin and that the petition of Weeks be dismissed.

On the 17th of June, 1908, the Orphans' Court passed an order which, after reciting that evidence had been taken under the aforesaid petitions and that the Court was satisfied from such evidence that the presumption of death of Margaretta Behrens had been established, directed that the said Behrens, if alive, or any person for her, produce to the Court, within twelve weeks from July 2nd, 1908, satisfactory evidence of the continuance in life of the said Behrens, and directing the publication of such order in a daily newspaper in Baltimore City.

The Savings Bank of Baltimore, the appellant, intervened in the case by filing on September 25, 1908, a petition praying for the dismissal of the petition of Weeks and a rescission of the order of the Orphans' Court dated April 28th, 1908, on the ground that the petition of said Weeks is defective in form and substance, and that the Act of Assembly under and by virtue of which the said petition is filed is unconstitutional and void.

On the following day, September 26th, 1908, the Orphans' Court dismissed the petition of the appellant and ordered and decreed "that Margaretta (Margtta) Behrens is hereby judicially determined to be dead, and letters of administration on the personal estate of Margaretta, or Margtta, Behrens, be and are hereby granted to Henry W. Weeks, and that he give bond in the penalty of $3,000 with the American Bonding Company as surety."

The petition of the Savings Bank of Baltimore, it was agreed, should be considered of the same force and affect in all respects as if the same was an answer duly filed to the petition of Weeks, and the same being dismissed, as aforesaid, the appellant forthwith entered an appeal from the decree of Court passed September 26th, 1908, dismissing the petition and granting letters of administration to Weeks.

In adopting the principles announced by this Court in 103

Md. above referred to, it will not be necessary for us to quote at length therefrom, except to state the following conclusions:

"The decisions of the Supreme Court of the United States have established, as true, the following propositions:

*First*—'That under the general authority conferred by statute upon the Orphans' Courts of the various states to grant administration upon and to settle the estates of deceased persons, these Courts are not authorized to decide conclusively against a living person that he is dead.'

*Secondly*—'That all proceedings in such Courts, in the granting of administrations under such general power, depend upon the fact of death, and are null and void if the person be in fact alive, whether such administration be granted upon a misapprehension of the fact of death, or upon the presumption of death arising from absence.'

*Thirdly*—'That it is within the power of the state to confer jurisdiction upon the Orphans' Court to administer upon the estates of absentees, even though they be alive, by special and appropriate proceedings applicable to that condition and distinct from the general power to administer upon the estates of deceased persons. But such powers must be executed in harmony with and in subordination to the Fourteenth Amendment to the National Constitution.' "

That the Act of 1908 is not repugnant to the due process clause of the U. S. Constitution has virtually been decided by the Supreme Court itself, in the case of *Cunnius* v. *Reading School District, supra,* as we have therefore only to consider the remaining objections made by the appellant, to wit, that the petition is itself defective in form and substance, and that the appellee, who is neither a relative nor creditor of the intestate, is not such a person as is entitled to the grant of letters; that the Act is repugnant to the Constitution of the State of Maryland; that, even if constitutional, it can only be given a prospective effect and made operative upon the estates of such persons, who have been absent and unheard of for full seven years from the date of the passage of the Act; and that the Act is in violation of the contractual rights, existing

between the appellant and the absentee, and is void as impairing the obligation of such contract.

The most important objection, and the one upon which the greatest emphasis was laid in argument, is that the law must remain dormant and inoperative until after the lapse of seven years from the date of its passage. Though ingeniously presented, we think this argument unsound. That all laws ordinarily have only a prospective effect is not a matter of dispute, and without pausing now to examine the statute to see if the language employed indicates a contrary purpose on the part of the Legislature, we think the validity of these procedings, if no other objections were presented, could be upheld upon the theory of its prospective operation upon what is the actual subject of legislation. The statute in providing the period of seven years as the length of time from which death might be legally presumed was making no new law nor even introducing a new rule of evidence, but was only declaring what was well settled at common law and what has been stated in opinions of this Court as well as laid down by standard text writers on the subject. *Greenleaf on Evidence,* page 57, note; *Best on Evidence,* sec. 409; *Shaub* v. *Griffin,* 84 Md. 563.

The essential basis for the operation of the law is the death, or rather the presumption of death and the judicial determination thereof, which must occur after the date of its passage, if the Act is held to be prospective, it being wholly immaterial whether the period of absence, which, combined with other circumstances, creates such a legal presumption, ran wholly or only partly subsequent to the enactment of the statute.

What circumstances shall establish a condition or situation that will permit the operation of the Act is at best but a rule of evidence, and it can in no wise weaken the strength of the presumption, nor impair the virtue of the rule, that one of these circumstances, namely, the period of absence, began to run prior to the passage of the law and was completed afterwards. The law was intended to deal with a condition that

frequently arises and which has been the subject for judicial action, in many countries, whether subject to the civil or the common law, and in adopting a well known rule of evidence as sufficient to establish such a situation or condition, we think it was intended for the Court to look before as well as after the passage of the Act for the elements of fact to support its determination and decree. When we reflect further that the Act itself was a statute intended to remedy the defects of the Act of 1896, passed twelve years before, which the Court had declared unconstitutional and void, we can hardly conceive it to have been the intention of the Legislature to postpone its effectual operation for a period of seven years from its passage. Whatever might have been our construction of an original Act, as a remedial measure it should be liberally construed to effectuate the purposes in view.

What we have said will likewise apply to the claim set up by the appellant that inasmuch as no law of the character under discussion was on the statute books at the time of her departure from the State, Margaretta Behrens had the right to expect that at any time within seven years from the passage of the Act she could return and demand her money on deposit, and that therefore, it is a violation of the Constitution of the United States by impairing the obligation of the contract between her and the appellant, who is the custodian of her funds, for any person, other than her personal representative, to step in and take from them the property or money in hand. While the primary purpose of such an Act as the one under consideration must be to conserve the estate for the absentee in the event of his return, with only such loss and diminution as may be incidental to an administration of the law, yet it has a secondary object in preventing property from being abandoned without an owner and of placing it to such uses and in the hands of such beneficiaries as would be proper under the testamentary law of the State were the absentee owner thereof actually dead. In the attainment of these objects, by the very language of the statute itself, the rights of the administrator are similar to those of an admin-

istrator or executor on the estate of a party actually dead, who may lawfully claim and take charge of the property of his decedent in whosesoever hands or possession it may be found.

A mere reading of sec. 40, Art. 4, of the Maryland Constitution seems to us sufficient to show that the Legislature may rightfully confer upon the Orphans' Court the power given in the Act in question. That section, in part, reads: "They shall have all the powers now vested in the Orphans' Courts of the State, subject to such changes as the Legislature may prescribe." There being no restrictive provision of the Constitution, a fair interpretation of this language, we think, permits the Legislature, not only to make changes in the powers with which the Orphans' Courts were clothed at the time of the adoption of the Constitution, but also to confer additional powers upon such tribunals or to take from them powers which at such time they possessed. We hold, therefore, that the objection to the statute because repugnant to the State Constitution is untenable.

Finally, let us consider the petition filed by Weeks, which alleges the absence and supposed death of Margaretta Behrens, states that diligent but unavailing efforts have been made to locate her heirs at law and next of kin, that her estate consists of money on deposit in the Savings Bank of Baltimore which under the law belongs to the Mayor and City Council of Baltimore for the use of the Board of School Commissioners, and prays for the grant of letters of administration. It is urged that sec. 31, of Art. 93, of the Code cannot be invoked for authority to grant letters in a case like the present, and that the petition should at least make out a *prima facie* case by distinctly alleging that there are no creditors or relatives of the persons supposed to be dead. The Act itself prescribes under what circumstances and unto whom letters of administration may be granted. The test laid down is that the Court shall be satisfied that the party applying would be entitled to administer if the supposed decedent were actually dead. Of necessity, therefore, resort must be had to the testa-

mentary law of the State in order to determine this question, and, if the facts of this case are as alleged, there being no relative or creditor applying, sec. 31, of Art. 93, Code of Public General Laws must be looked to as controlling the action of the Orphans' Court in the matter. Without reference to authority, for we know of none on the subject, it seems consonant with common sense that if the statute be operative in the case where application is made by a relative or creditor, it is likewise proper that, when there is no relative or creditor, such person as would be the beneficiary of the estate under the laws of descent, or distribution, or escheat, as the case may be, should in the discretion of the Orphans' Court be granted letters of administration.

As to the allegations of the petition, it should be noticed that the requirement of the Act of 1896 that a "written petition" be filed by the applicant is omitted from the Act of 1908, so that the party applying may do so orally, as well as by petition, it being necessary only, whichever method may be adopted, to satisfy the Court that the applicant would be entitled if the decedent was actually dead. The application is a preliminary matter, and afterwards the Orphans' Court is required to take the steps mentioned in the act for the ascertainment of the circumstances attending the absence of the party alleged to be dead before it proceeds to issue letters of administration. We cannot consider, in the present case, that the allegation that there were no creditors or relatives was essential to give the Orphans' Court jurisdiction in the premises. It is not a question of jurisdiction. That is determined by the subject matter. It is merely a question as to whether the Court is satisfied of the *bona fide* character of the application and that the applicant was entitled under the law to receive letters. The averment that diligent but unavailing efforts had been made to locate the next of kin of the absentee, taken in connection with the other allegations of the petition, doubtless raised a satisfactory presumption in the mind of the Court that there were none *in esse,* and this presumption, after the advertisements and taking of testimony prescribed

by the act, was sufficient to lead the Court to judicially determine the absentee to be dead. The mind of the Court was particularly called to the point as to the existence of relatives of the absentee by the petition of Nannie L. Arnold and others, in which the question was distinctly raised and upon which the Court duly and formally passed.

Finding no serious defect in the petition, we think also that the petitioner had the right to make the application and to receive the grant of letters. Under our testamentary law, if there be no creditors or relatives of the decedent, the fund would go to the use of the School Commissioners, Code, Art. 93, sec. 134. By the charter of Baltimore, sec. 99, the School Board is made a department of the Mayor and City Council. The exact language of the section is: "There shall be a Department of Education of the Mayor and City Council of Baltimore. The head of said Department shall consist of a Board of School Commissioners."

When Weeks, as the agent or attorney for the Mayor and City Council, which corporation includes the School Commissioners, recites in his petition that the money to be collected is for the use of the latter body, we think that there is a substantial compliance with the provisions of law, and that the beneficiary of the estate may be considered as the real applicant, and, when, there is no creditor or relative of the decedent, or absentee, supposed to be dead, the law would become nugatory and incapable of execution, if the beneficiary of the estate, or some person on his or its behalf, could not make such application as would set in motion the machinery of the Orphans' Court for the purpose of procuring possession of the property.

*Order affirmed, with costs to the appellee*
*above and below.*