## ENGLISH v. UNITED STATES.

District Court, D. Maryland. April 2, 1928.

No. 3288.

**1. Death ☞2(1)—General presumption of death arises from continuous absence of person for seven years (Code Pub. Gen. Laws Md. 1924, art. 93, § 243).**

General presumption of death arises from fact of continuous absence of person from home for seven years, not heard of by persons who would otherwise naturally have received news from absentee without regard to Code Pub. Gen. Laws Md. 1924, art. 93, § 243, merely declaring rule well settled at common law.

**2. Death ☞2(2)—Presumption of death by absence of seven years is not of death within such period but immediately on expiration thereof (Code Pub. Gen. Laws Md. 1924, art. 93, § 243).**

Proof of death under Code Pub. Gen. Laws Md. 1924, art. 93, § 243, created by absence of a person for a period of seven years is not that he died during that period but immediately upon expiration thereof.

**3. Death ☞4—Finding that death of insured under war risk policy occurred on day he was last seen before seven years' absence held not justified.**

In action on certificate of government war risk insurance, evidence held, insufficient to justify finding of Maryland orphans' court that death of insured arising from presumption of seven years' absence occurred on day when insured was last seen, so as to authorize recovery under policy lapsing sixty-four days after disappearance.

**4. Judgment ☞828(3)—Finding of state court that death of insured occurred on date he was last seen before seven years' absence held not prima facie evidence of death.**

Finding of Maryland orphans' court that death of insured under a war risk policy occurred on date he was last seen before seven years' absence held not prima facie evidence of death in subsequent action on policy, since, in a collateral proceeding to which administrator is not a party, finding of orphans' court as to date of death is neither binding on parties nor prima facie evidence of fact.

**5. Judgment ☞828(3)—United States, assisting state court in determining date of death of insured under war risk policy, was not bound by decision.**

The United States assisting state's orphans' court in determining precise date of death of insured under war risk policy was not bound by decision determining date of death as date insured was last seen before seven years' absence.

At Law. Action by Eloise Y. English against the United States. On demurrer to the second count of the declaration. Demurrer sustained.

Theodore C. Waters, of Baltimore, Md., and Leslie N. Coblentz, of Frederick, Md., for plaintiff.

A. W. W. Woodcock, of Baltimore, Md., for the United States.

SOPER, District Judge. The sufficiency of the second count of the declaration is questioned by the demurrer. It is alleged that a certificate of war risk insurance, in the amount of $10,000 was issued by the United States to Thomas Dunn English of Frederick county, Md., on November 12, 1917, and made payable to the plaintiff, his stepmother. The certificate was issued during his enlistment in the United States Army, from which he was honorably discharged on April 12, 1919. The monthly premiums, amounting to $6.70, were paid by the insured from month to month until April 26, 1919, when the premium for the month of May was paid. Thereby, by reason of an additional month's grace, the insurance was continued in force and effect until July 1, 1919.

During his military service, the insured suffered shell shock and received emergency treatment in France and further treatment at the Columbia Base Hospital at New York. But he was still suffering from mental disorder when discharged from the army on April 12. Between that date and April 28, 1919, he weakened physically, and became despondent as to his physical and mental condition. On or about April 28, he stated to witnesses that he had been advised by the doctors that he could not recover or regain his

health, and he declared that he had nothing to live for. He packed up all of his personal belongings, including his discharge papers, and forwarded them to the plaintiff. About 9 o'clock in the evening, he disappeared into a subway station in New York City, and since then no trace of him has ever been found, nor has any of his family received any communication or information about him, nor has he contributed in any way to the support of his family. Prior to his disappearance, he had been in constant communication with the plaintiff, and had contributed regularly and substantially to her support. Diligent search for him by his friends, relatives, the American Red Cross, the American Legion, and by advertisement failed to disclose any information whatsoever as to his whereabouts.

The plaintiff made application to the orphans' court of Frederick county, Md., for letters testamentary upon the soldier's estate, under the provisions of article 93, § 243, of the Maryland Code, which authorizes the court to grant letters testamentary and to superintend the distribution of assets of persons supposed to be dead, on account of uninterrupted absence for seven years from the place of last domicile within the state, and not having been heard from in the interval. Thereupon the court directed advertisement of the application to be made, notifying the public that the court would hear evidence concerning the absence of the insured, and the circumstances and duration thereof. Such a hearing was held on June 10, 1926. Witnesses were examined to ascertain whether the presumption of death was established, and an order was passed adjudging that it was established. Thereupon an additional advertisement was published, requiring the absentee, if alive, or any other person for him, to produce, within the allotted time, satisfactory evidence that he was alive, but no evidence was forthcoming, and consequently, on September 21, 1926, the court probated the last will of the insured, and granted letters testamentary upon his estate. The plaintiff then filed with the Bureau of War Risk Insurance a certified copy of the proceedings of the orphans' court, but she was advised by the Director of the Bureau that, in order to obtain allowance of her claim, it would be necessary for the court to fix the date of the insured's death. Relying upon this advice, the plaintiff reopened the matter. Further proceedings were taken, and on January 12, 1927, the orphans' court passed an additional order wherein it fixed April 28, 1919, as the date of the death of the absentee.

[1, 2] The question to be decided is whether the circumstances surrounding the disappearance of the insured, taken together with the findings of the orphans' court of Frederick county, constitute sufficient proof, in the absence of evidence to the contrary, that the death of the insured took place during the life of the policy so as to entitle the beneficiary to recover. It is important to note at the outset that the policy expired on July 1, 1919, and that therefore, unless the date of death can be fixed between April 28 and July 1, the case of the plaintiff must fail. There is a general presumption of death, of universal acceptance, which arises from the fact of the continuous absence of a person from home for seven years, unheard of by the persons who would otherwise naturally have received news from the absentee. Schaub v. Griffin, 84 Md. 563, 36 A. 443; Lee v. Allen, 100 Md. 7, 59 A. 184; Savings Bank v. Weeks, 103 Md. 601, 64 A. 295, 6 L. R. A. (N. S.) 690; Savings Bank v. Weeks, 110 Md. 78, 72 A. 475, 22 L. R. A. (N. S.) 221; Wigmore on Evidence, § 2531. This rule does not depend upon the Maryland statute above cited. On the contrary, it is well settled that the statute made no new law and introduced no new rule of evidence, but merely declared what was well settled at common law, and had been repeatedly stated in the opinions of the Maryland Court of Appeals. Schaub v. Griffin, supra; Savings Bank v. Weeks, 110 Md. 78, 72 A. 475, 22 L. R. A. (N. S.) 221. But the general presumption of death of the insured, to which the plaintiff is undoubtedly entitled under the allegations of the declaration, will not suffice in this case, for thereby the death of the insured at some specific date within the interval in question is not shown. It is now well established in Maryland that the presumption of death, created by the absence of a person for a period of seven years, is not that he died within that period, but immediately upon the expiration of it. Brotherhood v. Nash, 144 Md. 623, 638, 639, 125 A. 441.

[3] It was declared, in the earlier case of Schaub v. Griffin, that there arises no presumption of the time of death from absence for the required period, and, if it is necessary to show the precise date of death, it must be done by evidence. This decision relies upon the leading case of Davie v. Briggs, 97 U. S. 628, 24 L. Ed. 1086, wherein it was held that death should not be presumed from mere absence at any time earlier than the end of the seven-year period, unless the facts show that the individual was in contact with some specific peril at a prior date. It has been said that the authority of Davie v. Briggs was at

least partially repudiated by the subsequent decision in Fidelity Mutual Life Insurance Ass'n v. Mettler, 185 U. S. 308, 22 S. Ct. 662, 46 L. Ed. 922, wherein the court declared that in Davie v. Briggs, it did not rule that the inference of death might not arise from disappearance, under circumstances inconsistent with the continuation of life, even though exposure to a particular peril was not shown. The absentee in the Mettler Case, however, was in fact subjected to danger, for the evidence tended to show that he had been drowned. See, also, Wigmore on Evidence, § 2531; Continental Life Insurance Co. v. Searing (C. C. A.) 240 F. 653. Wigmore cites certain authorities wherein the specific peril doctrine is more definitely disapproved —for instance, Tisdale v. Connecticut Mutual Life Ins. Co., 26 Iowa, 70, 96 Am. Dec. 136; Lesser v. New York Life Ins. Co., 53 Cal. App. 236, 200 P. 22. In the former case, evidence of the character, habits, and domestic relations of a sane man, making the abandonment of home and family improbable, was held sufficient to raise the presumption of death of one absent and unheard from, without regard to the duration of such absence. But after all, under any view of the law, when one is not content to rest his case upon the common-law presumption of death, arising from absence, but seeks to establish a date of death prior to the end of seven years, he must produce additional evidence. Whether or not such evidence is sufficient as a basis for a verdict must of course depend in every instance upon the facts of the particular case. General rules as to the weight of evidence, which have not crystallized in established presumptions, are of no great assistance. In the case at bar, the additional facts are not sufficient, in the opinion of the court, to show that the insured died before the policy expired. The policy lapsed only sixty-four days after the insured disappeared. The insured was of unsound mind. Whether he died before or after the significant date is purely a matter of speculation, which cannot be determined with certainty. It does not seem possible to infer that death followed disappearance within two months, from the failure of an absentee of unsound mind to communicate with his family and furnish them customary support, even though he was weak in body, despondent in mind, and believed that his afflictions were beyond hope of recovery. The ordinary presumption is that life continued during the seven-year period, and the circumstances of this case do not so materially quicken the operation of time.

25 F.(2d)—22

There was no justification in the opinion of this court for the finding of the orphans' court of Frederick county that death occurred on the day when the insured was last seen, for it does not appear that the orphans' court had any other evidence than that heretofore disclosed.

[4] The plaintiff, however, contends that, even if the decision of the orphans' court was not supported by the evidence, nevertheless, until it is revoked, it may be offered as prima facie evidence of the death of the insured on April 28, 1919, entitling the plaintiff to recover in the absence of evidence to the contrary. Reference is made to the provisions of article 93, § 16 of the Maryland Code, whereby the orphans' court is authorized to make examination as to the time and place of the death of an intestate. The insured, in the case at bar, left a will, but it may be assumed that the orphans' court, even in such case, has authority to determine the time of the testator's death. Certain expressions in opinions of the Court of Appeals of Maryland seem to support the plaintiff's argument.

In Schaub v. Griffin, 84 Md. 567, 36 A. 445, the court said: "It is fully within the power of the orphans' court to adjudicate on the time and place of the death of a person, and, when it has done so, its judgment is final and conclusive. Raborg v. Hammond, 2 Har. & G. [Md.] 50."

Again in Peterkin's Lessee v. Inloes, 4 Md. 175, 186, where it was important to fix the time of death of certain persons whose names appeared in the chain of title in a cause of ejectment, it was said: "It is sufficiently shown by the letters of administration on the estate of John and Mary Culton, that they were dead in the year 1709. 1 Greenleaf on Evidence, § 550." See, also, the cases cited at 11 C. J. 1177.

But an examination of Schaub v. Griffin, and particularly of the authority therein cited, to wit, Raborg v. Hammond, shows that the court did not intend to lay down the doctrine that in all cases the adjudication of the orphans' court, as to the time of death of a person is final and conclusive. The limitations of the rule are indicated in Lee v. Allen, 100 Md. 7, 59 A. 184, where it was held that, in a suit instituted by an administrator, it is not competent for a court of law to inquire if the administration was rightfully granted. In the case at bar the administrator is not a party. Furthermore, the leading case of Mutual Benefit Life Ins. Co. v. Tisdale, 91 U. S. 238, 23 L. Ed. 314, decided that letters of administration upon the estate of a

person afford no legal evidence of his death in a suit brought by the plaintiff in his individual capacity to recover upon a contract of insurance between him and another who was a stranger to the proceeding in the probate court. Mr. Justice Hunt demonstrated that the statement of the rule in 1 Greenleaf on Evidence, § 550, cited by the Court of Appeals of Maryland in Peterkin's Lessee v. Inloes, supra, was not supported by the authorities in the note, with the possible exception of Tisdale v. Conn. Mutual Life Ins. Co., 26 Iowa, 177, 96 Am. Dec. 136. It may be noted in passing that the authority of the last-mentioned case was greatly weakened, if not overruled, by the subsequent decision of the Supreme Court of Iowa in Werner v. Fraternal Bankers, 172 Iowa, 504, 154 N. W. 773, Ann. Cas. 1918A, 1005. See, also, Carroll v. Carroll, 60 N. Y. 121, 19 Am. Rep. 144; Brigham v. Fayerweather, 140 Mass. 411, 5 N. E. 265.

It must be admitted, however, that, if the decision in Peterkin v. Inloes is to be taken broadly as the well-settled opinion of the Maryland court, there is some ground for the plaintiff's contention that the finding of the orphans' court, so long as it stands unrevoked, amounts at least to prima facie proof of the death of the insured on April 28, 1919. There is authority for the proposition that in the trial of civil cases at common law, a federal court, in the absence of specific federal legislation, is required, on questions of evidence, to follow the local state statutes and the decisions of the highest state court. Rose on Federal Procedure, § 524; Franklin Sugar Refining Co. v. Luray Supply Co. (C. C. A.) 6 F.(2d) 218. But it is not possible to say at this time that the rule of evidence laid down in Peterkin v. Inloes is firmly established as governing the courts of Maryland. It may be noted in passing that, although the date of the death of John and Mary Culton was a fact necessary to be found to entitle the plaintiff to recover in that case, it does not seem to have been disputed by the defendant, as would appear from the synopsis of the brief. 4 Md. 182. It is more important that, subsequent to the decision, the Supreme Court of the United States rendered the decision in Mutual Benefit Life Ins. Co. v. Tisdale, supra, which has been cited with approval by the Maryland Court of Appeals on at least two occasions. See Emmert v. Stouffer, 64 Md.

552, 3 A. 293, 6 A. 177; Engel v. State, 65 Md. 539, 5 A. 249. It is therefore concluded that in a collateral proceeding, to which the administrator is not a party, the finding of the orphans' court as to the date of death of a decedent is neither binding upon the parties nor prima facie evidence of the fact. However, it is not intended to hold that cases may not arise, such as Peterkin v. Inloes, where lapse of time and other circumstances may make letters testamentary competent evidence as ancient records.

It may be added that the authorities, in addition to Peterkin v. Inloes, which the plaintiff cites to support the rule that the insuance of letters of administration is admissible to prove death, are even less persuasive. They are Hurlburt v. Van Wormer (C. C. A.) 14 F. 709; Jenkins v. Peckinpaugh, 40 Ind. 133; Bergman v. Maccabees, 203 Mo. App. 685, 220 S. W. 1029. Hurlburt v. Van Wormer was a New York case. One of the parties claimed under the administrator, and the case therefore belongs to the class of cases cited by the Court of Appeals of Maryland in Lee v. Allen, 100 Md. 7, 11, 12, 59 A. 184. When neither party is administrator, nor claiming through the administrator, the New York rule is set out in Carroll v. Carroll, 60 N. Y. 121, 19 Am. Rep. 144. In Jenkins v. Peckinpaugh, the administrator was party to the suit. In Bergman v. Maccabees, the intermediate Court of Appeals of Missouri, while expressly disapproving the rule, felt obliged to follow the earlier case of the Supreme Court of Missouri, to wit, Lancaster v. Washington Life Ins. Co., 62 Mo. 121.

[5] The declaration shows that the United States had notice of the proceeding in the orphans' court of Frederick county, and indeed suggested that the precise date of death be fixed by that tribunal. It was quite natural and proper for the federal authorities to assist the beneficiary in the preparation of her proofs; but it does not follow that the United States is bound by the decision of a case to which it was not a party. The contention has not been made on behalf of the plaintiff that the United States is in any way estopped by its knowledge of the orphans' court proceeding, and its failure to participate therein, nor does it appear to the court that an estoppel could arise under the circumstances of this case.

The demurrer to the second count of the declaration will be sustained.