TISDALE v. THE CONNECTICUT MUTUAL LIFE INSURANCE COMPANY.

1. Death: PRESUMPTION OF, FROM ABSENCE. The death of an absent person may be presumed in less than seven years from the date of the last intelligence from him, from facts and circumstances other than those showing his exposure to danger which probably resulted in his death.

2. —— PRESUMPTION FROM CIRCUMSTANCES COMBINED WITH ABSENCE. Evidence of character, habits, domestic relations, and the like, making the abandonment of home and family improbable, and showing a want of all those motives which can be supposed to influence men to such acts, may be sufficient to raise the presumption of death, or from which the death of one absent and unheard from, may be inferred, without regard to the duration of such absence.

3. —— PRESUMPTION FROM LETTERS OF ADMINISTRATION. The granting of letters of administration is *prima facie* evidence of the death of the party upon whose estate they are issued. But the presumption of death raised thereby is weak and inconclusive, and may be rebutted by slight evidence.

*Appeal from Dubuque District Court.*

SATURDAY, DECEMBER 12.

ACTION on a policy of insurance upon the life of Edgar Tisdale, husband of plaintiff.

There was evidence at the trial tending to prove that the party upon whose life the policy was issued was a young man of exemplary habits, excellent character, of fair business prospects, respectably connected, and of the most happy domestic relations. He had the fullest confidence of his friends and the entire affection of his wife, and was living in apparent happiness, with no cause of discontent with his condition, which would have influenced him to break the domestic and social ties with which he was so pleasantly bound to life. Visiting Chicago, September 25, 1866, upon business, he was last seen by any acquaintance on the corner of Lake and Clark streets in that city, about 3 o'clock P. M. of that day. No trace of him was afterward discovered, though his friends made every effort to find him and ascertain the cause of his mysterious disappearance. A large reward was offered through the newspapers for information that would lead to his discovery, either dead or in life. The detective police were employed to search for him without results. No tidings have been received of him, and not the faintest trace of the cause or manner of his disappearance has been discovered. He gave no intimation to any one of an intention to absent himself; and the latest declaration of his intentions was to the effect, that he expected to leave Chicago, the day of his disappearance, to join his wife at Dubuque. He owed no debts amounting to any considerable sum, and had made payment of some small ones about the day of his disappearance. His valise, containing clothing and other

articles commonly carried by travelers, was found at his hotel. His bill there was unpaid. Letters of administration, issued upon his estate, December 18, 1866, were admitted in evidence. A further statement of the evidence, which is quite voluminous, is not necessary for a proper understanding of the points ruled. The District Court gave the jury the following, among other instructions :

" 1. The law presumes the existence of a person, when duly proved, to continue until the contrary is shown by some sufficient proof, or, in the absence of such proof, until a different presumption arises. Such different presumption arises in law after the expiration of seven years without any intelligence concerning such person. But, upon the issue of the life or death of a person, a jury may find a presumption of death from the lapse of a shorter period than seven years, provided other circumstances concur. These other circumstances must be facts proven or presumed to be true, the existence of which, being so established, gives reasonable ground for the presumption of such death; such as, for instance, that such person is proven to have sailed on a voyage which should long since have been accomplished, and the vessel in which he sailed has not since been heard from, from which fact, the loss of the vessel and those on board will reasonably be presumed ; or that such person is shown to have last been in a house destroyed by fire, or a tornado, at or so near the time of its destruction, as to furnish a reasonable presumption that he perished in it. But, in the absence of proof of some such circumstances, no amount of probabilities arising from continued absence or neglect to write, or from confidence in the character or habits of the person alleged to be dead, or in his previous declarations of intention, will be sufficient to warrant the presumption of death within seven years, because the law fixes that period for a presumption of death to arise from such circumstances.

" 2. In an issue of life or death of a person on a trial, letters of administration upon his estate, granted within seven years after his disappearance, are proper evidence in proving the allegation of such death, and, in the absence of any other proof on this issue, are *prima facie* sufficient to establish the same. But, if, on such trial, the party denying such death, introduces proof that the person so disappearing was last seen, within the period of seven years, alive and under circumstances not exposed to any special danger of death, and where no reasonable presumption of such danger would arise, then the burden of the issue is not changed by the introduction of such letters of administration ; and unless you find that the party affirming such death has established, by a preponderance of proof on his part, such circumstances as will, under the principles stated in the first instruction above given, warrant the presumption of such death within seven years, then he must fail, and your verdict should be for the party denying it."

Verdict and judgment for defendant. Plaintiff appeals.

*Allison, Crane & Rood* for the appellant.

I. Letters of administration are *prima facie* evidence of the death of the person on whose estate they are granted. 1 Greenleaf on Ev. §§ 41, 550 ; 2 id. (5th ed.) §§ 278 *a*, 279 ; 10 Pick. 516 ; 26 Barb. 397 ; 7 J. J. Marsh. 431 ; 22 Wend. 277 ; 10 N. H. 242.

II. After the plaintiff rested, the burden of proof lay on the defendant, and whether the presumption arising from the letters was rebutted by defendant's evidence, assuming it competent for that purpose, was a question for the jury ; and the charge of the court, that the evidence of defendant was sufficient to require of plaintiff other circumstances in addition to the letters to estab-

lish a *prima facie* case, was determining the weight of defendant's evidence, and therefore erroneous. 12 Iowa, 450; 16 Md. 422 (21 U. S. D. 523); 9 Cal. 565; 7 Ind. 453.

III. When the plaintiff has made out a *prima facie* case, the burden of proof is thrown upon the defendant, where it rests until he has fully overcome the plaintiff's evidence. 1 Greenleaf on Ev. §§ 33, 41; 18 Ala. 616; 30 id. 253; 36 Barb. 57; 16 Wis. 110; 9 id. 119.

IV. The court in charging, that "no amount of proba- bilities, arising from continued absence or neglect to write, or from confidence in the character or habits of the person, or his previous declarations of intention, will be sufficient to warrant the presumption of death within seven years," misled the jury, in assuming that those were all the considerations shown in the evidence from which probabilities could arise pointing to death. Mo- tives against absconding were shown. The strongest probabilities in reference to human affairs are drawn from motives —

1. From *all* of the considerations in evidence, it is for the jury to say whether the presumption, or probable inference, is that the person is dead. 1 Phillips on Ev. (Cowen, Hill & Edwards' Notes, 1st Am. ed.) 599–613.

2. By isolating these considerations, and as to each, separately negativing the presumption of death, the court practically passed upon the weight of the evidence and forbade the jury finding death from the evidence of cir- cumstances.

3. In this part of the charge the court misled the jury from the consideration of all the probabilities in a general result, by determining that each of the mentioned bases of probability was insufficient for a conclusion of death.

V. The court, in charging the jury, that to warrant the presumption of death within seven years, such cir-

cumstances as he mentioned (see page 1 of charge) must be proven, virtually charged the jury that none of plaintiff's evidence in rebuttal was admissible to prove death, because not tending to establish the circumstances he mentioned, which, we submit, is not the law.

1. Any and all circumstances which afford a reasonable conclusion of death, are admissible as evidence of the fact. Angell on Fire and Life Ins. § 351 and note ; 6 Hurlstone & Norman, 838 ; 5 Cowen, 314 ; 2 Greenleaf on Ev. 278*a*, 279 ; 4 B. & Ald. 433 ; 1 Starkie, 121 ; 1 Ga. 542, 543.

*Adams & Robinson* and *De Witt C. Cram* for the appellee,

In support of the judgment and rulings below, cited 23 Pa. 117 ; 18 Ohio, 375 ; 9 Iowa, 1 ; *Detroit & Milwaukee Railroad Co.* v. *Steinburg,* "West Jurist," Feb. '69 ; 33 Me. 367 ; 14 Pa. St. 478 ; 1 Marshall, 3 ; 21 Ala. 755 ; 28 id. 677 ; 20 Ga. 15 ; 36 Me. 176 ; Stark. Ev. vol. 2, part 2, 931.

BECK, J. — The questions for our determination in this case relate to the correctness of the instructions given by 1. DEATH: presumption of from absence. the court to the jury. The first instruction announces the rule that the death of an absent person cannot be presumed, except upon evidence of facts showing his exposure to danger, which probably resulted in death, before the expiration of seven years from the date of the last intelligence from him ; and that evidence of long absence without communicating with his friends, of character and habits, making the abandonment of home and family improbable, and of want of all motive or cause for such abandonment which can be supposed to influence men to such acts, is not sufficient to raise a presumption of death. The instruction is not in accordance

with the true rule of evidence, and is erroneous. The error is evidently the result of an improper construction of the familiar rule of evidence, that, when a person has not been heard of for many years, the presumption of duration of life ceases at the end of seven years (2 Starkie's Ev. 361), and an attempt to apply it to the facts in this case. The rule by no means limits the presumption of death to an absence of the person whose existence in life is in question without tidings from him for the space of seven years; nor does the modification of the rule laid down in the cases cited by defendant's counsel, that such absence for a shorter period, if the person is shown to have been in peril, will raise a presumption of death, exclude evidence of other facts and circumstances which tend to establish the probability of his death.

Any facts or circumstances relating to the character, habits, condition, affections, attachments, prosperity and 2. —— presump- objects in life, which usually control the contion from cir- cumstances duct of men, and are the motives of their combined with absence. actions, are competent evidence from which may be inferred the death of one absent and unheard from, whatever has been the duration of such absence. A rule excluding such evidence would ignore the motives which prompt human actions, and forbid inquiry into them in order to explain the conduct of men. The true doctrine may be readily illustrated thus :

An honored and upright citizen, who, through a long life, has enjoyed the fullest confidence of all who knew him,— prosperous in business and successful in the accumulation of wealth; rich in the affection of wife and children, and attached to their society; contented in the enjoyment of his possessions, fond of the associations of his friends, and having that love of country which all good men possess, — with no habits or affections contrary

to these traits of character — journeys from his home to a distant city and is never afterward heard of. Must seven years pass, or must it be shown that he was last seen or heard of in peril, before his death can be presumed? No greater wrong could be done to the character of the man than to account for his absence, even after the lapse of a few short months, upon the ground of a wanton abandonment of his family and friends. He could have lived a good and useful life to but little purpose, if those who knew him could even entertain such a suspicion. The reasons that the evidence above mentioned raises a presumption of death are obvious; absence from any other cause, being without motive and inconsistent with the very nature of the person, is improbable. It is suggested in argument that such absence may be on account of insanity. That may be possible, but as death under such circumstances is more probable than insanity in the absence of evidence thereof, the law raises the presumption of death. Evidence which would point toward insanity as the cause of such absence, would of course be proper for the consideration of the jury, from which its probability might be determined. The competency of evidence of the character above indicated, from which the fact of the death of an absent person may be found within the period of seven years, is well sustained by authority. 2 Greenl. Evid. § 278; Angell on Fire and Life Ins. § 351; *Doe* v. *Flanagan*, 1 Kelly, 543; *White* v. *Mann*, 26 Maine, 376; *Smith* v. *Knowlton*, 11 N. H. 197.

The second instruction, so far as it embodies the errors pointed out in the first one, is objectionable. It is also

3. —— presumption from letters of administration.

erroneous in the statement of the effect to be given to the letters of administration as evidence, and is objectionable on this point, both in expression and in substance. The letters of administration are *prima facie* evidence of the death

of the party upon whose estate they are issued. 1 Greenl. Ev. §§ 41, 550. But, it must be conceded that the presumption of death raised thereby is of the lowest class, weak and inconclusive, and capable of being rebutted by slight evidence. This results from the fact that administration is often, if not commonly, granted without formal proof of death, upon the application of friends or relatives of the decedent.

The granting of letters of administration cannot, therefore, be considered an adjudication upon the fact of death which is conclusive upon that question. Evidence, therefore, which, under the rules of law, would establish the existence in life of the supposed decedent at the time of the granting of administration upon his estate, would overcome the presumption raised thereby.

The instruction is erroneous, in that it determines the weight of evidence which is the peculiar province of the jury. A *prima facie* case having been made, the jury must determine, under proper directions of the court, what quantity of evidence will outweigh the presumption thus raised.

The jury having been incorrectly instructed, the judgment of the District Court is

