### JOSIAH A. BRIGHAM *vs.* JOHN A. FAYERWEATHER & another.

Worcester.    Oct. 1, 1885. — Jan. 5, 1886.    FIELD, C. ALLEN, & GARDNER, JJ., absent.

A decree of the Probate Court admitting the will of A. to probate is not admissible as evidence of the testator's mental capacity, on a bill in equity brought by a devisee under the will, who is also an executor of it, to set aside, on the ground of want of mental capacity, a deed of land executed by A., although there is evidence that A.'s mental capacity was no less when the deed was executed than when the will was signed.

At the hearing on a bill in equity to have a deed declared void, on the ground that the person executing it was not of sufficient mental capacity at the time, a witness for the plaintiff, who was also an executor of the will of the grantor, testified to various facts, and to his opinion that the grantor had not such capacity. It appeared that the defendant had a talk with this witness, soon after his appointment as executor, about the deed, and the defendant offered to show that the witness in this talk did not contend, and had not contended before the bill was brought, that the grantor was incompetent to execute the deed. *Held,* that the evidence was properly rejected.

BILL IN EQUITY, filed May 21, 1884, to have declared void a mortgage deed executed by Azubah Brigham, the plaintiff's testator, on the ground that said Azubah Brigham at the date of the execution of said deed was not of sufficient mental capacity to execute the deed. The bill alleged, and the answer admitted,

that the plaintiff derived his title from the will of Azubah Brigham. The case was heard before *Aldrich*, J., who allowed a bill of exceptions, in substance as follows:

The following issue was submitted to the jury: Was Azubah Brigham of sufficient mental capacity, at the time the mortgage deed referred to in the bill was executed, to transact the business of executing such deed?

The mortgage deed was executed on June 15, 1882. The mortgagor died on December 6, 1883, leaving a last will, executed on October 11, 1882, by the provisions of which the plaintiff was made residuary devisee and legatee, and he was also one of the executors of the will.

The defendants offered evidence tending to show that the mental capacity of the mortgagor was no less on June 15, 1882, than on October 11, 1882.

The defendants offered in evidence the petition of the plaintiff for the probate of said will in the Probate Court for the county of Worcester; and as evidence of the mental soundness and capacity of the mortgagor at the date of the will, four months after the execution of the mortgage, they offered the adjudication of the Probate Court admitting the will to probate. The evidence was excluded, not on the ground that the date of the execution of the will was too remote from the date of the deed, but on the ground that the adjudication of the Probate Court was not admissible for the purpose for which it was offered, on the issue before the jury; and the defendants excepted.

Dr. William Curtis, one of the executors of the will, was a witness for the plaintiff. He testified that he was the family physician of Mrs. Brigham, the mortgagor, to the time of her death. He testified to various facts, and to his opinion that she was disqualified from doing such business as the execution of said mortgage deed at the time she signed it, by reason of her mental unsoundness. The first-named defendant, after the appointment of Curtis as executor, in April or May, 1884, had a talk with him about the said mortgage. The defendants offered to show by the evidence of said defendant, that, in said talk in May or April, 1884, Curtis did not state or contend, and never had stated or contended to him, prior to the bringing of this suit, that the mortgagor was incompetent to execute this mortgage

when it was made. This evidence was excluded, and the defendants excepted.

The jury answered the question submitted to them in the negative; and the defendants alleged exceptions.

*T. G. Kent & G. T. Dewey*, for the defendants.

*F. P. Goulding*, for the plaintiff.

HOLMES, J. A judgment *in rem* is an act of the sovereign power; and, as such, its effects cannot be disputed, at least within the jurisdiction. If a competent court declares a vessel forfeited, or orders it sold free of all claims, or divorces a couple, or establishes a will under statutes like our Pub. Sts. c. 127, § 7, a paramount title is passed, the couple is divorced, the will is established, as against all the world, whether parties or not, because the sovereign has said that it shall be so. *Hughes* v. *Cornelius*, 2 Show. 232 ; *S. C.* T. Raym. 473 ; Skin. 59 ; Carth. 32. *Noell* v. *Wells*, 1 Lev. 235. *Scott* v. *Shearman*, 2 W. Bl. 977. *The Helena*, 4 Rob. (Adm.) 3. *Leonard* v. *Leonard*, 14 Pick. 280. *McClurg* v. *Terry*, 6 C. E. Green, 225. But the same is true when the judgment is that A. recover a debt of B. The public force is pledged to collect the debt from B., and no one within the jurisdiction can oppose it. And it does not follow in the former case any more than in the latter, nor is it true, that the judgment, because conclusive on all the world in what we may call its legislative effect, is equally conclusive upon all as an adjudication of the facts upon which it is grounded. On the contrary, those judgments, such as sentences of prize courts, to which the greatest effect has been given in collateral proceedings, are said to be conclusive evidence of the facts upon which they proceed only against parties who were entitled to be heard before they were rendered. *The Mary*, 9 Cranch, 126, 146. *Salem* v. *Eastern Railroad*, 98 Mass. 431, 449. *Baxter* v. *New England Ins. Co.* 6 Mass. 277, 286. *Whitney* v. *Walsh*, 1 Cush. 29.

We may lay on one side, then, any argument based on the misleading expression that all the world are parties to a proceeding *in rem*. This does not mean that all the world are entitled to be heard, and as strangers in interest are not entitled to be heard, there is no reason why they should be bound by the findings of fact, although bound to admit the title or status which the judgment establishes.

Still, the cases last cited show that some judgments *in rem* are conclusive evidence of the facts adjudicated, in favor of a stranger, as against a party. And if the analogy is to be applied to all judgments which create or change a status or a title, it would apply here. For the plaintiff was a party to the decree establishing the will, and that decree necessarily proceeded on the ground that the testator possessed sufficient capacity to make the will. But these cases cannot be taken to lay down a general principle. '

The reasons given for the decisions are not that the conclusion follows as a necessary effect of judgments *in rem* merely as such, but are special reasons of convenience or construction. In *The Mary*, 9 Cranch, 126, 145, the doctrine as to sentences of prize courts is said to rest on " the propriety of leaving the cognizance of prize questions exclusively to courts of prize jurisdiction ; the very great inconvenience, amounting nearly to an impossibility, of fully investigating such cases in a court of common law ; and the impropriety of revising the decisions of the maritime courts of other nations, whose jurisdiction is coördinate throughout the world." In *Baxter* v. *New England Ins. Co.* 6 Mass. 277, 300, and *Robinson* v. *Jones*, 8 Mass. 536, 540, the effect of a sentence in a subsequent action on a policy of insurance is referred to the settled construction of mercantile contracts. In *Lothian* v. *Henderson*, 3 B. & P. 499, 545, the doctrine seems to be thought to stand on practice and authority, rather than on principle. See *Castrique* v. *Imrie*, L. R. 4 H. L. 414, 434.

The general principle is stated with substantial correctness by Sir James F. Stephen, in his work on Evidence, art. 42 : " Statements contained in judgments as to the facts upon which the judgment is based are deemed to be irrelevant as between strangers, or as between a party, or privy, and a stranger, except in the case of judgments of courts of admiralty condemning a ship as prize," and some other judgments of a kindred nature.

Apart from precedent, there seems to be no satisfactory ground for treating the probate of a will as evidence of the testator's mental capacity on a collateral issue. For except in the comparatively small number of cases where the probate of the will is opposed, the investigation of the fact is necessarily only formal. Still less do we see why, if the probate is not evidence

against a party who had no right to be heard, he should hold the executor bound by it when he himself is free. Ordinarily, estoppels by judgment are mutual. The fact can be tried in the Superior Court as well as in the Probate Court, and was actually tried in this very case. Thus the chief reason offered for the effect of prize sentences is removed.

One or two cases cited by the defendant may need a word of explanation. It has been held, in a suit by an administrator, that letters of administration are conclusive proof of the intestate's death, unless the defendant pleads in abatement. *Newman* v. *Jenkins*, 10 Pick. 515. And elsewhere it has been decided, in a suit where the plaintiff's title was derived from an administrator's sale, that the letters are *prima facie* evidence of the death. *Jeffers* v. *Radcliff*, 10 N. H. 242. *Tisdale* v. *Connecticut Ins. Co.* 26 Iowa, 170; *S. C.* 28 Iowa, 12. But in these cases the letters are not introduced as evidence on a collateral issue. They are the necessary foundation of the plaintiff's title. They are not put in to prove the death, but the death is denied in order to invalidate the letters. The fact of death is immaterial, except as bearing on the jurisdiction of the court to issue them. It may well be held that, where the question comes up in this way, such a decree will be presumed, *prima facie*, to have been within the jurisdiction of the court that made it, so far as this fact is concerned, although it has been held otherwise in England. *Moons* v. *De Bernales*, 1 Russ. 301, 307. See *Thompson* v. *Donaldson*, 3 Esp. 63. But it is entirely consistent with the New Hampshire and Iowa decisions to hold that, in collateral proceedings, the issue of letters of administration is not even *prima facie* evidence of death. *Carroll* v. *Carroll*, 60 N. Y. 121. *Mutual Benefit Ins. Co.* v. *Tisdale*, 91 U. S. 238. See *Blackham's case*, 1 Salk. 290; *French* v. *French*, Dick. 268; *Spencer* v. *Williams*, L. R. 2 P. & D. 230. These cases very strongly sustain the conclusion which we have reached. In the case at bar, the plaintiff's title under the will was admitted by the answer, and if it had not been, the testator's sanity or insanity did not affect it, because it did not affect the jurisdiction of the court.

If the defendant as well as the plaintiff had been a party to the probate of the will, a different question would arise. See *Barrs* v. *Jackson*, 1 Phil. 582, reversing *S. C.* 1 Y. & C. Ch. 585;

*Doglioni* v. *Crispin*, L. R. 1 H. L. 301, 311, 314; *Burlen* v. *Shannon*, 99 Mass. 200, 203; *Morse* v. *Elms*, 131 Mass. 151, 152. But the defendant was not a party in the sense that he was entitled to be heard, or to take an appeal, and unless he had that right, he was not concluded by the adjudication of facts, as has been shown.

It is suggested that the plaintiff's petition presenting the will for probate was competent as an admission. But we do not think that any question except the effect of the adjudication appears by the exceptions to have been presented to the court, or to have been ruled upon by it, even if the petition would have been admissible on that ground, which we do not intimate. See *Page* v. *Page*, 15 Pick. 368.

The bill of exceptions does not show that the testimony of Fayerweather was improperly rejected. The mere fact that Dr. Curtis had had a talk about the mortgage does not show that the talk was of such a nature as to call for a denial of the mortgagor's capacity, and therefore the fact that he did not deny it would not tend to contradict or impeach his testimony at the trial that the mortgagor was incompetent. *Perry* v. *Breed*, 117 Mass. 155, 165.                    *Exceptions overruled.*