ELLEN N. WERNER, Appellee, v. FRATERNAL BANKERS' RESERVE SOCIETY, Appellant.

**INSURANCE:** Life Insurance—Proofs of Loss—Defects—Waiver.
1 Proofs of loss under a policy of insurance, though faulty and incomplete, furnished in an evident good-faith effort to comply with the terms of the policy, are sufficient, unless specifically objected to, not on the trial, but before the rejection of the claim.

PRINCIPLE APPLIED: The policy called for ''satisfactory'' proofs of death. Those delivered recited when the insured left home, when and where he was last heard from (which was more than seven years prior thereto), that there was nothing in his

family or business relations to account for his absence, and that the most pleasant relations existed between the insured and his family. When the proofs were delivered, the defendant's secretary stated to plaintiff that he did not think the defendant would consider them sufficient. Later, plaintiff brought suit. Still later, defendant's directors met, acted upon the proof, and, without further action, rejected the claim *in toto,* but not on the grounds that the proof was unsatisfactory or not in compliance with the contract; neither did defendant plead such noncompliance. On the trial, the proofs being offered, defendant, for the first time, entered a series of objections because of omissions, and unsatisfactory nature of the proofs. *Held,* the objections came too late.

INSURANCE:   Life Insurance—Evidence—Death.   Letters of administration, under Sec. 3307, Sup. Code, 1913, on the estate of an *absentee,* not being granted on any finding of the death of the absentee, are inadmissible, in an action on a death benefit certificate on the life of the absentee, to prove death.

JUDGMENT:   Res Judicata—Judgment in Rem.   A judgment in an action *in rem* does not establish, even *prima facie,* a fact which was not involved or determined by such judgment.

PRINCIPLE APPLIED:   Letters of administration were granted, under Sec. 3307, Sup. Code, 1913, on the estate of one who had been absent from his usual residence for more than seven years, with whereabouts unknown. Said section does not contemplate or require an inquiry into the fact of death. The letters showed that they were issued on the estate of the absentee *because of his absence only.* At the time the letters were issued, an action was pending on a death benefit certificate issued on the life of said absentee. The letters aforesaid were offered in said last named action as proof of the death of the insured. *Held,* wholly inadmissible.

EXECUTORS AND ADMINISTRATORS:   Letters of Administration—Evidence—Action Between Third Parties.   The rule that letters of administration on the estate of a deceased are admissible to prove the death of the deceased, even as against a stranger, is discussed and opposing authorities noted and reviewed.

INSURANCE:   Life Insurance—Action on Death Benefit Certificate—Limitation.   Sec. 1744, Sup. Code, 1913, limiting the time in which action may be brought on a policy of insurance, has no application to fraternal benefit societies.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, ·Judge.

THURSDAY, NOVEMBER 18, 1915.

ACTION to recover on a certificate of insurance, based on the presumption that the assured was dead, arising from his absence from his home and friends for seven years. Judgment for the plaintiff in the court below. Defendant appeals. —*Reversed.*

*Voris & Haas,* for appellant.

*Byers & Clark,* for appellee.

GAYNOR, J.—This action is based on a certain certificate of insurance issued by the defendant company to one Louis J. Werner, in the sum of $1,200, payable to Ellen N. Werner upon his death. The plaintiff is the beneficiary named in the certificate, and claims to be the widow of Louis J. Werner. This action was commenced on the 12th day of August, 1913. In her petition, she alleges that, on or about the 25th day of September, 1905, the said Louis J. Werner disappeared from Cedar Rapids, his home; that, at the time of his disappearance, he was living with his wife and children; that he was last heard of in October, 1905; that his whereabouts have continued unknown to his friends and members of his family ever since; that, therefore, according to the law, he is presumed to be dead, and the plaintiff is entitled to the proceeds of the certificate. The petition further alleges that written proofs of death were furnished defendant company by this plaintiff before the commencement of this action, and that both oral and written demands for the proceeds of the certificate have been made upon the company, and that the defendant has been paid all sums due it as provided in the policy, and all the conditions of the policy performed, so far as the insured is concerned, and prays for judgment in the amount of the certificate. The defendant, for answer, admits the issuance of the certificate of membership as claimed; admits that it received all payments and assessments due and payable on the certifi-

cate; admits that payment of the amount due on the certificate has been demanded by the plaintiff, but denies each and every other allegation.   Upon the issues thus tendered, the cause was tried to a jury and a verdict returned for the plaintiff for $943.40.   Judgment being entered upon the verdict, defendant appeals.

Before setting out the errors relied upon by the defendant for reversal, we deem it proper to call attention to certain facts appearing in the record which are essential to a proper understanding of the real controversy that is presented here.

It will be noticed that the answer admits all the allegations of plaintiff's petition, except those allegations upon which she predicates her claim that the assured is dead, and that she furnished proofs of death, as required by the terms of the policy.   These are denied. These are the only two matters about which there is a fact controversy in the record.

1. INSURANCE: life insurance: proofs of loss: defects: waiver.

Around these two fact questions cluster all the controversy presented to this court for settlement.   In presenting these to the jury, it is claimed that the court erred in the admission of testimony and in its instructions to the jury.   More particular attention will be called to these several complaints as we proceed.

The certificate upon which suit is brought provides, among other things, for the payment of $1,200 to Ellen N. Werner, wife of Louis J. Werner, *upon satisfactory proofs of his death.* The certificate was payable only upon proofs of death.   To entitle the plaintiff to recover, therefore, she must establish that Louis J. Werner was in fact dead, and that she furnished the company the proofs of death required by the policy.   The furnishing of proofs of loss is a condition precedent to her right of recovery.   It is claimed that neither of these facts was proved by competent testimony, and that plaintiff, therefore, was not entitled to recover upon the certificate at the time suit was brought.   The provision of the certificate touching proofs of loss is that the company would pay to the bene-

ficiary named in the certificate the amount therein named, upon *satisfactory proofs of death.* The certificate does not provide for any proofs of death other than as above set out. On July 28, 1913, the plaintiff delivered to the secretary of the defendant company certain papers which she claimed to be proofs of death, together with a claim to the amount due upon the certificate. These were delivered to the supreme secretary of defendant company. At the time they were delivered, the secretary informed the plaintiff that he did not believe that the board of directors would consider them sufficient. The next regular meeting of the board of directors was on August 18th. It appears that, at this meeting, the board of directors rejected plaintiff's claim *in toto,* but not on the specific ground that the proofs furnished did not comply with the requirements of the certificate or by-laws of the society. The opinion of the supreme secretary did not take the place of a finding by the board that the proofs were not satisfactory, or that they did not comply with the requirements of the certificate or by-laws, and was not binding upon the plaintiff or the company. The action of the company was taken after this suit was brought. At no time did the company notify the plaintiff that it would reject her claim on the ground that the proofs were insufficient, nor do they raise that question in their answer now, except in so far as the general denial presents that question. The proofs of death were on blanks furnished by the company, and were substantially as follows:

"You are hereby notified that Louis J. Werner, holding benefit certificate 5874, a member of Lodge No. 1, located at Cedar Rapids, Iowa, died at ———— October, 1905. The facts concerning his death are as follows: Assured left his home in Cedar Rapids, Iowa, on or about September 12, 1905, and was last heard of in South Dakota in October, 1905. There was nothing in his family or business relations to explain his absence. His wife and children, at the time of his disap-

pearance, lived at Cedar Rapids, Iowa, and have ever since continued to reside there, and most pleasant relations existed between assured and family. It appears that the persons entitled to beneficiary benefits under the certificate are Ellen N. Werner, wife, address, Cedar Rapids, Iowa.

"(Signed)    ELLEN M. WERNER."

It is conceded that Ellen M. Werner is the Ellen N. Werner, plaintiff in this suit.

With this was filed the affidavit of Ellen N. Werner, in which she recites that she was related to Louis J. Werner as his wife; that she knew him all his life; that he was born in Cedar Rapids on the 3d day of March, 1866; that he was, on the day of his disappearance, which occurred in October, 1905, thirty-nine years and nine months old; that he died as follows: disappeared October, 1905, and his whereabouts ever since have been unknown.

Nowhere in the record is it disclosed that, after the receipt of these proofs of loss, the company rejected them as insufficient on the ground that they were not satisfactory. Defendant does not specially plead that they were not satisfactory, and does not specially plead that they did not conform to the requirements of the certificate or by-laws. Nor was there any proof upon the hearing that these proofs were not satisfactory to the company. The matter is left to inference, and this inference arises only from the fact that the company is disputing plaintiff's right to recover. The first objection to the proofs of loss as unsatisfactory or insufficient was made when the proofs of loss were offered in evidence, and was made in substantially the following language:

"Defendant objects to the exhibits purporting to be proofs of loss for the reason that they are incompetent and immaterial, in that they do not sufficiently comply with the provisions of the certificate requiring satisfactory proofs of the death of the insured, and because the proofs do not show the reason for the absence of the insured from his home, and

do not show that, at the time he left, he expected to return, or in any way communicate with his family or wife, and it does not appear therefrom that he did not have a valid and sufficient reason for failing to communicate with them, and for the further reason that the proofs do not show what, if any, inquiry was made concerning the whereabouts of the insured, or that any inquiry was made, and it does not appear that any search was made to ascertain the whereabouts of the insured, or that the sources of information were reasonably exhausted, and for the further reason that the proofs, as tendered, do not set up facts sufficient to warrant the presumption of death on account of absence, and for the further reason that as a whole, they do not comply with the provisions of the certificate as to furnishing satisfactory proofs of loss, and are not such proofs as should be held to be a compliance with such provisions in the benefit certificate, or such as that upon the same, the defendant would be warranted in paying out the fund of the society.''

Thereupon, the court took the offered evidence and the objection thereto, and later overruled the objection, holding that the proofs were admissible under the then state of the record. If this objection, urged upon the trial, had been made by the officers of the company authorized to act for the company at the time they received the proofs, or if they had requested further proof, before taking action upon plaintiff's claim, the plaintiff might possibly have furnished further proofs and made a fuller statement of the facts touching the disappearance of her husband. Her claim, so far as this record discloses, was rejected *in toto*. At no time did it communicate to the plaintiff that her claim had been rejected on account of insufficiency of proofs of death. At no time did it notify her that it required further proofs before acting upon her claim. It acted upon the proofs offered, and rejected the claim *in toto*. A provision for proofs of loss in all insurance companies is made for the benefit of the company. It is a

provision which it alone is interested in having performed. Any party to a contract may waive any of the provisions made for his benefit. When the company received these proofs (clearly intended by the insured as a compliance with the requirements of the certificate) and retained the same and gave no notice that they were not satisfactory,—called for no further proofs,—rejected the claim *in toto* upon the proofs made,—it clearly waived further proofs, and said proofs must be accepted as a compliance with that requirement of the policy touching proofs of loss.

In *Nichols v. Insurance Company*, 125 Iowa 268, this doctrine is recognized, and it is said:

"Another well-settled rule of law . . . is that, if one makes defective proofs of loss, it is the duty of the insurance company to point out the defects, and, if it fails to do so, but proceeds to act thereon, it will not thereafter be heard to object to the form of proofs."

In this case, the defendant knew what the requirements of defendant's contract with the assured were, touching proofs of loss; knew that it had a right to proofs such as are required by its contract. This was a right which it might insist on, but which it could waive, and it is held to have waived it when it pursued such a line of conduct as justifies the conclusion that it was not intending to insist upon a full compliance with these requirements. In this case, it is further said:

"This rule does not apply if no proofs are furnished, but if there is a manifest attempt to comply with the law on this subject, it is the duty of the company to point out its objections in order that the insured may cure the defects."

It might be claimed that there is no plea of waiver of proofs of loss. The answer to this is that proofs of loss were in fact furnished. No objections were made to these proofs, nor was plaintiff's attention called to the fact, now claimed,

that the proofs were not satisfactory. The defendant has inter-
posed no plea from which it could be assumed that the defend-
ant intended to claim that the proofs were not satisfactory.
The proofs were submitted. They were retained by the de-
fendant, and no complaint made of their sufficiency, and no
notice given that they were not satisfactory. We think the
court did not err in admitting the proofs of loss in the case
at bar, and we think the defendant cannot urge as a defense
that the proofs were not as full as it now insists they should
be. The action of the company in failing to notify the plain-
tiff that the proofs were not satisfactory (if not satisfactory),
and its failure to notify the plaintiff what it desired to be
shown in order that the proofs might be satisfactory, are
suggestive of "the wisdom not possessed by the dove." The
company undoubtedly entertained the thought that to point
out what was essential to make a prima-facie showing of lia-
bility would be, in a measure, to point out to the plaintiff what
was necessary to make a complete case. Under a policy with
terms like this, if the proofs are not satisfactory, fair deal-
ing would suggest that the company notify the party from
whom the proofs were received that they were not satisfactory
—at least that much. Fairer dealing would suggest that it
point out wherein the proofs are not satisfactory, especially
if it intends to rely upon a claim that the proofs were not
satisfactory, as a defense to an action on the certificate. We
think there is no reversible error in this branch of the case.

It appears that, on the 25th day of September, 1913, after
this suit was commenced, the plaintiff applied to the district
court of Linn County to be appointed administratrix of the
goods, chattels and estate of Louis J. Werner;
that this application was made under and by
virtue of the provisions of Chap. 200 of the
Laws of the Thirty-third General Assembly (Sec. 3307, Code
Sup. 1913), which provides as follows:

2. INSURANCE:
life insurance:
evidence:
death.

"When a resident of this state owning property therein,
or any person who may have been a resident of this state,

has acquired or may hereafter acquire property or property rights within the state, absents himself from his usual place of residence and conceals his whereabouts from his family without known cause for a period of seven years or any such person who has gone to parts unknown for a period of ten years, a petition may be filed in the district court of any county where such property or a part thereof is situated, setting forth such facts, by any person entitled to administer upon such absentee's estate if he was known to be dead, and setting forth the names of the persons who would be the legal heirs of the absentee if he were dead, so far as known, and praying for the issuance of letters of administration upon such estate; thereupon, said court shall prescribe a notice addressed to such absentee and heirs named, and order the same to be published in a newspaper published in said county to be designated by the court, once each week for eight consecutive weeks, and which shall be served personally upon all the heirs residing within the state in the manner, and for the length of time as is required for the service of original notices, proof of the publication and service of which in manner and for the time ordered shall, at the expiration of said period be filed with said petition, and thereupon if such absentee fails to appear, the court shall hear the proof presented, and if satisfied of the truth of the facts set forth in the petition concerning the absentee, shall order letters of administration upon the estate of such absentee to issue as though he were known to be dead. The court shall also hear proof and determine who the legal heirs of such absentee are and their respective interests in such estate.''

By virtue of the terms of this statute, and in pursuance of the application aforesaid, the following letter of administration was issued: ·

3. JUDGMENT: *res judicata:* judgment *in rem.*

''Know Ye, That Ellen N. Werner has been appointed by the District Court of said County, Administratrix of goods, chattels, and estate of Lewis J. Werner,

Absentee, láte of Linn County, with full power and authority to take possession of the same in whose hands soever they may be found, and, in general, to do all other acts in the premises, and fully to discharge every duty required of her as Administratrix aforesaid, as the law shall or may direct.''

In the trial of this case, this letter of administration was offered and, over the objection of the defendant, introduced in evidence and submitted to the jury, as tending to prove the death of Louis J. Werner.

The court, in its sixth instruction, said to the jury:

''The letters of administration on the estate of Louis J. Werner, the assured, have been admitted in evidence in the case for the plaintiff. You are instructed that this character of evidence, intended to raise a presumption of the death of a person, is regarded in law as a very low and weak class in general, and not entitled to much weight with a jury.''

It was evidently admitted by the court as having probative force upon the issue of the death, and as tending at least, though in a weak degree, to sustain plaintiff's contention that Louis J. Werner was in fact dead at the time the letter was issued. The admission of this evidence, in connection with the instruction given connecting the purpose of its admission and the purpose for which it was to be considered by the jury, was, in our judgment, clearly erroneous.

Death may be established by direct testimony of witnesses who are able to say from personal knowledge that the party claimed to be dead is in fact dead; that is, upon proof of facts from which a presumption of death arises. Where the facts and circumstances are sufficient to raise the presumption of death, there is no occasion for invoking this statute. The general law provides for the appointment of administration upon the estate of deceased persons. Such administration will be granted whether the death be shown by direct evidence or by circumstantial evidence from which the presumption arises. When death is shown, either by direct evidence or by

circumstances, such as absence for seven years unexplained and unaccounted for, administration is granted as a matter of course.

This statute does not contemplate the appointment of an administrator for a dead man. It provides only for the appointment in case of absence unaccounted for, where the circumstances attending the absence are not sufficient to raise a presumption of death. The whole spirit of this act suggests the thought that the absentee may be still living, and yet, administration may be had over his estate. These letters do not purport to be granted on the estate of a deceased person, but on the estate of an absentee. To secure letters under this statute, the fact as to the death is not a material inquiry. Letters may be granted when it is made to appear that he has absented himself from his usual place of residence and conceals his whereabouts from his family, without known cause, for a period of seven years. It evidently contemplates the appointment of an administrator for an absentee where the conditions that attend his absence are such that a presumption of death does not arise. At least it is not necessary that the showing be full enough to raise a presumption of death. If the facts and circumstances disclosed were full enough to raise a presumption of death, then general administration could be had without invoking this statute.

A judgment in an action *in rem* does not establish, even *prima facie,* a fact which was not involved or determined by the judgment. An action for the appointment of an administrator is an action *in rem*. It is true that it 4. EXECUTORS AND ADMINISTRATORS: letters of administration: evidence: action between third parties. has been held by this court that the appointment of an administrator of an estate of one alleged to be dead,—the granting of the letters,—where the appointment is made upon the claim that he is dead, is prima-facie evidence of the fact that he is dead. This holding, however, rests upon the theory that this question was involved in the adjudication, and the letters evidenced the adjudication; and, therefore, when

offered in a collateral matter, are prima-facie evidence of the fact so determined, to wit, the death.

The case relied upon as holding to this doctrine in this state is *Tisdale v. Connecticut Mutual Life Insurance Co.*, 26 Iowa 170, in which it is said: "The letters of administration are prima-facie evidence of the death of the party upon whose estate they are issued." This case was again before the Supreme Court (28 Iowa 12), but the question here under consideration does not seem to have been discussed in this last named opinion. This court seems not to have passed upon this question, other than in these two cases, except in *In re Barrett Estate*, 167 Iowa 218, 223, in which case the court made reference to the rule announced, and said: "When letters of administration were awarded, the court necessarily decided the question of fact that Barrett was dead."

However, this holding has not met with uniform approval. In *Mutual Benefit Life Insurance Co. v. Tisdale*, decided by the Supreme Court of the United States in 1876, 1 Otto, 238-246 (23 L. Ed., 314), the rule announced in these cases was considered and repudiated. It will be noted in the *Tisdale* case, 26 Iowa 170, that the only authority cited for the rule is 1 Greenleaf on Evidence (13th Ed.), Sec. 41, page 50.

Justice Hunt, of the Supreme Court of the United States, in passing upon the question in the case above referred to, said: "The authority in favor of the admission of the letters as evidence of the death of the party, in a suit between strangers, is a general statement to the effect in 1 Greenleaf on Evidence, Sec. 550." The cases cited by the writer in support of the proposition are *Thompson v. Donaldson*, 3 Esp. 63, 64; *French v. French*, 1 Dick. 268; *Succession of Hamblin*, 3 Rob. (La.) 130; *Jeffers v. Radcliff*, 10 N. H. 242, 245.

In the case first cited, the authority does not support Mr. Greenleaf's statement. It was held that the letters did not afford sufficient proof of death, and, no further evidence being given, the verdict was against the claimant. In *French v. French*, the court held in terms against the theory that the

*letters* were evidence of death, but, under all the circumstances, admitted the probate as evidence of death. In the New Hampshire case cited above, there was evidence to sustain the rule independently of the letters, and the case concedes that the law is otherwise in England, and bases its holding upon the peculiar organization of the court of that state, then cites authorities that hold against the rule laid down by Greenleaf.

In conclusion, the Supreme Court of the United States said:

"Enough has been said to demonstrate that neither upon principle nor authority was it proper, in the individual suit of Mrs. Tisdale against a stranger, to admit letters of administration upon the estate of her husband as evidence of his death."

The holding of this case seems to rest upon the theory that, where a question of fact is involved in a proceeding between two parties who are strangers to the record in which the adjudication is claimed, the adjudication cannot be given in evidence against one not a party or privy to the record in which the judgment was made, and that, as between strangers to the record, the adjudication does not even afford prima-facie evidence of the existence of the fact adjudicated, in an independent suit between strangers to the original record, though the same fact may be involved. To the same effect is the holding in *Brigham v. Fayerweather,* 140 Mass. 411; *Carroll v. Carroll,* 60 N. Y. 121.

Under the condition of the record in this case, it is not necessary for us to make further pronouncement upon the rule allowing letters testamentary, issued upon the estate of one claimed to be dead, to be offered and received in evidence in controversies between strangers to the record, involving the question of the death of the party on whose estate administration is had. We cite these cases to show that there is a controversy even upon this question among the courts. We are

now asked to go farther than was gone in the cited cases, and to hold that, where an appointment is made, under the statute hereinbefore referred to, and letters issue, these letters, when issued, are competent evidence of death. The issuing of the letters did not rest upon a finding by the probate court that Werner was dead; nor was any such finding asked of the court. The application for the appointment and the record of the appointment, other than the letters issued are not before us. The letters themselves show that they were issued on the estate of the absentee. The letters themselves negative the very fact which is sought to be established by them. The letters themselves do not establish any fact, or tend to establish any fact, except such as were involved in the adjudication which authorized the letters to issue.

It is contended, however, that the introduction of these letters, even conceding that they were incompetent, did not prejudice the defendant's cause, for the reason that there was other evidence in the record sufficient to raise a presumption of death without these letters. We cannot accede to this claim. The letters were admitted, and the jury was directed to consider them as having some probative force upon the main fact in controversy,—a fact, without proof of which, either by direct or circumstantial evidence, the plaintiff could not recover. A different rule might obtain if the evidence of the plaintiff was so abundant and satisfactory upon the controverted point that, without this evidence, it could be fairly said to have been established; but that is not the state of the record here. The record of the divorce proceedings, instituted by the plaintiff against her husband after his departure, had probative force in negativing the facts and circumstances upon which she relies to establish the death. These letters of administration, though having slight probative force and inconsequential in a way, may, so far as we know, have tipped the scales in plaintiff's favor. Error was committed in allowing this evidence to go before the jury, and it is not for us to say that error committed, which may tend to prejudice the other-party's rights, was without prejudice.

In a case where death is claimed by reason of a mere presumption raised by seven years' absence, it would be a peculiarly harsh rule to say that the plaintiff, after suit was brought, might, in an *ex parte* proceeding in which she was not required to establish the death in order to secure letters of administration, secure such letters, and make for herself thereby a prima-facie case of death, thus enabling her, in a suit in which her right to recover depended upon proof of death, to make a prima-facie case by the mere introduction of these letters.

This record discloses that the plaintiff, after suit was instituted, and evidently for the purpose of making evidence for herself, filed an application, under the statute providing for administration, without any notice to the defendant and without any opportunity on its part to be heard. She claims that, by so doing, she has made or procured for herself proof of the existence of a fact controverted in the pending suit. Thus, by instituting an independent proceeding, on her own initiative, and without knowledge of her adversary, she has procured in her favor an adjudication of a controverted fact which makes for her prima-facie proof of the fact in the pending suit—this, too, by and in a suit in which it was not necessary to establish the controverted fact, either by direct or circumstantial evidence, to secure the relief sought in that *ex parte* proceeding, to wit, the issuance of letters of administration upon the estate of an absentee. Whatever may be said in favor of the rule that allows a party to introduce letters of administration, issued on the estate of a dead man, procured in an *ex parte* proceeding, to be received in evidence against a party who is a stranger to the record, for the purpose of establishing the death, when the death is called in question in another proceeding, none of the reasons which might support such rule have any persuasive force in favor of letters issued under the absentee's statute.

It is next contended that this suit was prematurely brought. Upon this point, we have to say that this question

was raised for the first time upon the trial. The statutes
governing the time of bringing suits upon a
policy of insurance have no application to
fraternal benefit societies. There is no provi-
sion limiting the time of bringing the suit, in
this case, either in the certificate or in the by-laws of the insti-
tution. Further than that, the defendant rejected plaintiff's
claim at the first meeting of the board after the proofs were
furnished. The only limitation seems to be found in the
provision that the supreme secretary shall, within 90 days of
the date of the allowance, draw an order. The claim was
never allowed. It was repudiated at the first opportunity.
The 90-day provision has no relationship to a condition like
this. It relates only to claims allowed, and not to claims
repudiated. There is no provision in the benefit certificate or
in the by-laws of the defendant society, restricting the insti-
tuting of suits within any time after the filing of proofs of
loss. The defendant cannot be heard to complain of the insti-
tution of the suit, at the time it was instituted, for the reason
that, after the suit was instituted, they did actually pass upon
the claim before the case came to trial, and repudiated it *in
toto*. The cases cited by appellant are not in point in this
case, but deal with entirely different conditions. See *Brins-
maid v. Iowa State Traveling Men's Association,* 152 Iowa 134,
in which the distinction is pointed out. We think there is
nothing here of which defendant may complain. Other mat-
ters are discussed, but as they do not go to the merits of the
controversy, we do not give them consideration here.

It is, however, claimed that defendant's motion for a
directed verdict should have been sustained. We have read
the record and are not fully agreed upon this proposition;
therefore do not enter into a discussion of the evidence, or give
that question here further consideration.

For the error pointed out, the case is—*Reversed.*

Deemer, C. J., Ladd and Salinger, JJ., concur.

*Marginal note:* 5. Insurance: life insurance: action on death benefit certificate: limitation.