MARTHA PETERS, Administratrix, Appellant, v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA, Appellee.

INSURANCE: Actions on Policies—Limitation of Action—Inapplicability. The statutory provision which nullifies the provisions of a policy or contract of insurance in so far as it limits the time to less than one year in which notice or proofs of death or the occurrence of other contingency may be given (Sec. 8774, Code of 1924), is not applicable to a certificate of insurance issued by a fraternal beneficiary association under Sec. 8777, Code of 1924.

Headnote 1: 29 Cyc. p. 150.

*Appeal from Webster District Court.*—SHERWOOD A. CLOCK, Judge.

MARCH 15, 1927.

Plaintiff appeals from a judgment on a directed verdict in an action to recover disability benefits under an accident certificate.—*Affirmed.*

*Frank Maher* and *Hanson & Schaupp,* for appellant.

*Kelleher & Mitchell* and *Price & Burnquist,* for appellee.

MORLING, J.—We confine our attention to the defense that by contract limitation the action is barred. The certificate sued on declares that no suit or proceeding "at law or in equity shall be brought to recover any benefits under this article after six months from the date claim for said benefits is disallowed by the Supreme Executive Committee." The accident alleged to have resulted in disability for which the benefits are claimed, occurred on July 22, 1919. Notice was given to defendant August 9, 1919, and the formal claim was received by it August 19, 1919. It appears that, on September 8, 1919, the Supreme Executive Committee took action upon the claim, and on September 11, 1919, defendant wrote the insured a letter, denying liability. The abstract and amendment are not as specific in setting out the evidence as they might be; but that the claim for benefits was

disallowed in September, 1919, and that the insured received due notice thereof, is not disputed. The insured lingered until November, 1923, when he died. This action was commenced shortly thereafter.

Both parties make their references to the Code of 1924, the provisions of which, including the separation and titles of the chapters, so far as the questions here raised are concerned, are not different from those of the Code of 1897 and supplements. Following their example, our references will be to the Code of 1924.

Plaintiff takes the position that the defendant is an association under Sections 8685 and 8686, and that the limitation stipulation of the contract is void under Section 8774, providing as follows:

"No stipulation or condition in any policy or contract of insurance or beneficiary certificate issued by any company or association mentioned or referred to in this chapter, limiting the time to a period of less than one year after knowledge by the beneficiary within which notice or proofs of death or the occurrence of other contingency insured against must be given, shall be valid."

It will be noted that Sections 8685 and 8686 are a part of Chapter 400, entitled "Assessment Life Insurance." Section 8774 is by its terms limited to companies or associations "mentioned or referred to in this chapter," which is Chapter 401.

The defendant's articles of incorporation, its constitution, and the uncontradicted evidence show that the defendant is a fraternal beneficiary association, as defined by Section 8777. The plaintiff's petition alleges it to be "a mutual benefit association or fraternal order." By Section 8791 it is provided:

"Such associations shall be governed by this chapter, and shall be exempt from the provisions of the statutes of this state relating to life insurance companies, except as hereinafter provided."

The chapter containing these latter sections is Chapter 402, entitled "Fraternal Beneficiary Societies, Orders, or Associations." Section 8774, relied upon by plaintiff, is found in Chapter 401, entitled "Provisions Applying to Life Insurance Companies and Associations." By the express provisions of Section 8791, therefore, fraternal beneficiary associations are exempt

from the provisions of Chapter 401, including Section 8774. It has also been decided by this court that the provisions of Chapter 401 are not applicable to fraternal beneficiary societies, and that they are governed by Chapter 402. *Werner v. Fraternal Bankers' Reserve Soc.*, 172 Iowa 504; *Smith v. Supreme Lodge*, 123 Iowa 676; *Knapp v. Brotherhood of Am. Yeomen*, 128 Iowa 566. Chapter 402 contains no restrictions upon the right of fraternal beneficiary societies to prescribe contract limitations. In the absence of statute (no question of reasonableness being involved), the contract limitation is valid, and must be enforced. *Farmer's Co-op. Creamery Co. v. Iowa State Ins. Co.*, 112 Iowa 608. The defendant is a foreign association, but plaintiff makes no point because of that fact; and foreign, as well as domestic, associations are within the terms of the statute. Sections 8797, 8811. The action was brought long after the lapse of the time allowed therefor by the contract, and must be held to be barred. This conclusion renders it unnecessary to discuss defendant's further contention that the disability of the insured was not produced by any cause within the scope of the certificate.

The judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.