No. 28,077.

LAURA ETTA McKAY, *Appellee*, v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant.*

(266 Pac. 935.)

Opinion filed May 5, 1928.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *Leo Armstrong,* county attorney, for the appellant.

*R. O. Mason* and *C. B. Skidmore,* both of Columbus, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Laura Etta McKay, the mother of Jack I. Phillips, a Kansas soldier of the world war, made application to the Kansas soldiers' compensation board for the compensation due him on the ground that he was dead. The claim was disapproved by the compensation board. Laura Etta McKay appealed to the district court, which ordered the board to pay to her compensation for the time Jack I. Phillips served in the United States army during the world war. The compensation board appeals.

The facts disclosed by the evidence were as follows: Jack I. Phillips, in the early part of 1918, ran away from his home in Cherokee county and enlisted in the army at Joplin, Mo. He was then about eighteen years old. When his term expired, he again enlisted in the army. His father afterward died. Jack I. Phillips then procured his discharge from the army. By occupation he was a miner. He returned to his home in Cherokee county and went to work. He was unable to earn enough to support his mother. He went to Lead, in South Dakota, in the early part of 1921 to work. He was employed there for a short time and sent part of his wages to his mother. On July 6, 1921, he left Lead, S. Dak., and has not been heard from since. His mother has made diligent inquiry to ascertain his whereabouts, but has been unable to learn anything about him since that time. She has written to all the boy's relatives located in

various parts of the West and to all other persons and places where there was any probability of receiving any information concerning him, but no information has been received. No reason for his leaving Lead, S. Dak., appears, except that he was discharged from his employment at that place. The action was tried in the district court on September 26, 1927, more than six years after he was last heard from. He has not filed any claim for compensation with the board.

The board contends that the evidence was not sufficient to show that Jack I. Phillips was dead when the action was tried.

In *Ryan v. Tudor*, 31 Kan. 366, 369, 2 Pac. 797, the following language is found:

"It is doubtless true that a jury is justified in inferring death within less than seven years, where besides unexplained absence there are other matters tending to show death. In 2 Wharton's Evidence, § 1277, the author says:

" 'It has been incidentally observed that, independent of the general presumption of death arising from unexplained absence abroad for seven years, certain facts have been noticed by the courts as affording grounds on which inferences of death, more or less strong, may rest. Among these facts may be noticed: Presence on board a ship known to have been lost at sea, the inference of death increasing with the length of time elapsing since the shipwreck; exposure to peculiar perils, to which death will be imputed if the party has not been subsequently heard from; ignorance as to such person, after due inquiry, of all persons likely to know of him if he were alive; cessation in writing letters, and of communication with relatives, in which case the presumption rises and falls with the domestic attachments of the party. Thus, death may be inferred by a jury from the mere fact that a party who is domestic, attentive to his duties, and with a home to which he is attached, suddenly, finally, and without explanation, disappears.'

"See, also, 1 Greenleaf, § 41, *supra; Tisdale v. Insurance Co.*, 26 Ia. 170; same case, 28 Ia. 12.

"In the case from 26 Iowa the court held that—

" 'The death of an absent person may be presumed in less than seven years from the date of the last intelligence from him, from facts and circumstances other than those showing his exposure to ·danger which probably resulted in his death.'

"And also, that—

" 'Evidence of character, habits, domestic relations, and the like, making the abandonment of home and family improbable, and showing a want of all those motives which can be supposed to influence men to such acts, may be sufficient to raise the presumption of death, or from which the death of one absent and unheard from, may be inferred, without regard to the duration of such absence.' "

This does not conflict with *Modern Woodmen v. Gerdom*, 72 Kan. 391, 82 Pac. 1100, where this court said:

"In order that the presumption that a person once shown to have been alive continues to live may be overcome by the presumption of death arising

from seven years' unexplained absence from home or place of residence, there must be a lack of information concerning the absentee on the part of those likely to hear from him, after diligent inquiry.

"The inquiry should extend to all those places where information is likely to be obtained, and to all those persons who in the ordinary course of events would be likely to receive tidings if the party were alive, whether members of his family or not; and in general the inquiry should exhaust all patent sources of information, and all others which the circumstances of the case suggest." (Syl. ¶¶ 1, 2.)

The court heard the evidence, found that Jack I. Phillips was dead, and rendered judgment accordingly. That finding is conclusive.

The court allowed to the attorneys for the plaintiff, an attorney's fee of twenty per cent, not to exceed $100, of the amount of the compensation to be paid by the compensation board. It is conceded that that part of the judgment is erroneous.

The judgment allowing compensation to the plaintiff is affirmed, but that part of the judgment allowing an attorney's fee is reversed.

HARVEY, J. (dissenting): I think the judgment should be reversed in its entirety.